THOMPSON & Co. v. LEWIS.

Opinion delivered October 11, 1915.

1.  FIXTURES—INTENTION OF PARTIES—RULE.—The intention of the party who annexes a chattel is the real tests whether or not it remains a chattel or becomes an irremovable fixture. When the party attaching the fixture is the owner of the soil, the inference is strong that it was intended to make the chattel a part of the realty, and to overcome the presumption there must be strong evidence of a contrary intention manifested by some overt act or circumstance.

2.  FIXTURES—CHATTEL ATTACHED TO SOIL—SALE OF REALTY.—Where a chattel annexed to the soil is sold with the realty to a purchaser, its prior personal character is changed and it becomes an irremovable fixture.

3.  FIXTURES—COTTON GIN—EXECUTION.—Defendant purchased land upon which was located a cotton gin, attached to the ground in the usual way. Held, as against an execution creditor of defendant, the cotton gin would be treated as a fixture and subject to execution levied on the land.

Appeal from Union Circuit Court; C. W. Smith, Judge; reversed.

J. B. Moore and Geo. M. LeCroy, for appellant.

When appellee purchased from Bolding and received title in fee simple to the lot, the lesser leasehold estate was immediately merged into the greater, the house and machinery thereon became a part of the realty, and not a proper subject for chattel or personal exemption. 16 Cyc. 665; 56 Ark. 57.

Appellee, pro se.

The evidence is that the building was erected upon blocks resting upon the surface of the lot, that the boiler was incased in mud casing, that the press was placed upon

sills resting upon the surface of the lot, and that the machinery was installed in the usual manner. This does not constitute real or constructive annexation. 56 Ark. 55; Graves on Real Prop. 18; Bull. N. P., 34; 37 Tex. 412; 6 Nev. 244; 68 Md. 478.

With reference to the intention of the parties at the time the articles were placed upon the lot, the evidence is that appellee placed the gin, complete, on leased realty with the understanding that he could remove the same whenever he desired to do so. He had the use of the lot free of rent, hence it can not be inferred that his intention of removing the gin was changed because of the purchase of the lot. The building and machinery were not fixtures. 95 Ark. 268.

McCulloch, C. J. Appellants obtained a judgment in the circuit court of Union County against appellee for debt due by contract, and sued out execution on the judgment, which was by the sheriff levied on a small tract or parcel of real estate on which was situated a steam cotton gin plant. Appellee filed a schedule claiming the machinery in the gin plant as exempt from sale under execution. The circuit court allowed the claim of exemptions and an appeal has been prosecuted to this court.

The facts in the case are undisputed. Appellee leased the lot from one Bolding in the year 1903 and erected the gin plant, which consisted of a frame two-story building, and placed therein the machinery consisting of engine and boiler and gin stand and cotton press, together with necessary shafting and belting. The machinery was placed in the building in the customary way, the boiler resting upon the ground under the shed of the building and is encased in what the witnesses termed a mud casing. The cotton gin and press are placed upon sills resting upon the surface of the lot. Appellee purchased said lot from Bolding in the year 1907 and Bolding conveyed the title in fee to him. Appellee has continued to own and operate the gin since that time.

(1-2) Our conclusion is that the machinery constituting the gin plant did not constitute removable trade

fixtures at the time of the levy of the execution and could not be claimed as exempt. This court in the case of *Choate* v. *Kimball,* 56 Ark. 55, laid down the rules for ascertaining whether an article is a chattel or an irremovable fixture, the principal test being stated as follows: "The intention of the party making the annexation to make the article a permanent accession to the freehold, this intention being inferred from the nature of the article affixed, the relation and situation of the party making the annexation and the policy of the law in relation thereto, the structure and mode of the annexation and the purpose or use for which the annexation has been made." In the later case of *Ozark* v. *Adams,* 73 Ark. 227, we said that "before the aforesaid rules can be applied the primary question is the relation of the parties," and in that case the court approved the rule that "where a chattel annexed to the soil is sold to the owner of the realty, that fact changes its prior personal character into an irremovable fixture." The court cited with approval the case of *Curtis* v. *Riddle,* 7 Allen (Mass.) 185. The intention of the party who annexes the chattel being the real test whether or not it remains a chattel or becomes an irremovable fixture, the inference is strong, where the party attaching the fixture is the owner of the soil, that it was intended to become a part of the soil and not a removable fixture, and all of the authorities hold that under those circumstances there must be strong evidence of a contrary intention manifested by some overt act or circumstance. *Bemis* v. *First National Bank,* 63 Ark. 625.

Appellee was not the owner of the soil at the time he established the gin plant thereon, but by the purchase of the fee his leasehold estate in the soil became merged in the greater estate, and the principle announced in *Ozark* v. *Adams, supra,* applies.

Mr. Ewell lays down the rule, which appears to be overwhelmingly supported by the authorities, that "as against one who is the owner of the estate in fee as well as of the fixtures, they are part of the freehold and cease to be goods and chattels, and therefore may not be seized

as goods and chattels by the sheriff under a *fi. fa.* as against the owner of the fee." Ewell on Fixtures (2d. ed.), page 537. Indeed, the same author lays down the rule that the owner of the fee can not establish by parol his claim that fixtures attached to the soil are chattels for the purpose of requiring a levy thereon as that character of property. The learned author states the proposition as follows: "Nor can the execution debtor by parol turn out as chattels for purpose of levy growing grass, fruit or trees, or fixtures annexed to his land, nor without a severance, authorize the levy of execution thereon as chattels; and, if attempted to be done, the levy is void." Page 542.

(3) The machinery involved in this case was attached to the soil in the customary way in which that character of machinery was attached for use. The owner has in fact used the property since he became the owner of the soil, for a period of about eight years, so the conclusion is unavoidable, even if no conclusive presumption were to be indulged under those circumstances, that there was no intention to treat the machinery otherwise than as a part of the realty.

The circuit court reached the wrong conclusion in the case, so the judgment is reversed and the cause remanded with directions to quash the supersedeas.