ROMICH *v.* KEMPNER BROTHERS REALTY COMPANY.

4-4230

Opinion delivered March 23, 1936.

D. K. *Hawthorne,* for appellant.

*House, Moses & Holmes, Wallace Townsend* and *S. S. Jefferies,* for appellees.

SMITH, J. R. L. Saxon owned a factory site with buildings and machinery thereon which he mortgaged to the Bankers Trust Company of Little Rock on June

1, 1926, to secure a debt of $35,000. The trust company filed suit to foreclose the mortgage on May 22, 1928, and on the same date filed the statutory *lis pendens* lien. A decree of foreclosure was rendered June 19, 1929, pursuant to which the mortgaged property was sold by a commissioner named for the purpose, and whose deed to the purchaser was dated and approved October 16, 1930. On September 20, 1928, Saxon leased the factory site, buildings and equipment to Command-Aire, Inc., for two years with an option to renew and an option to purchase. This last-named company was engaged in the manufacture and sale of airplanes, and in the summer or autumn of 1930, on motion of its president and principal stockholder, a receiver took possession of its property. On December 2, 1930, the receiver sold all the property of the corporation to appellant Romich, who remained in charge of the factory site, equipment and machinery for at least fifteen or sixteen months, and, according to his own testimony, until March 2, 1933.

On June 24, 1931, Romich filed a petition in the chancery court, reciting that a dispute had arisen between himself and the owners of the real estate over a sprinkler system. He prayed the court to adjudge whether he had purchased this system at the receiver's sale. Appellees intervened in this proceeding and alleged their ownership of the sprinkler system under the commissioner's deed, executed pursuant to the foreclosure decree of the mortgage hereinbefore mentioned. Neither party pressed the question to a decision. On February 2, 1933, interveners prayed that Romich be required to pay rent and be restrained from removing any property, and praying that the sprinkler system be declared their property. No court order was made until June, 1935, when the decree was rendered, from which is this appeal, adjudging the title to the sprinkler system to be in the interveners. During all the above time the sprinkler system has remained in the building, and has been in use for more than two years past, if not continuously since December, 1930.

It will be noted that the lease was executed after the foreclosure suit had been filed.

The lease provided that: "The lessee, upon expiration of this lease, may remove all machinery and equipment which it has heretofore or may hereafter install upon the premises." The lease required the lessee to carry $20,000 fire insurance on the building. It was ascertained that the insurance premiums could be greatly reduced by the installation of a sprinkler system. Saxon, the lessor testified that it was installed with the understanding that the lessee might remove it; the trust company, his mortgagee, knew of the lease when it was made, but the testimony is in dispute as to whether its officers were advised of the agreement whereby the sprinkler system might be removed. The court made no finding upon this disputed question of fact, but we assume, in view of the decree rendered, that it was found that the trust company had no knowledge of the agreement between Saxon and his lessee, and had not given consent thereto. It is certain, however, that the trust company was aware of the lease, and that much of the rents paid by the lessee under its provisions was paid over to it as credits on the mortgage indebtedness. These payments appear to have induced the indulgence extended in the foreclosure proceedings.

The testimony shows that the sprinkler system consists of a large elevated tank imbedded in a concrete foundation with pipes running under ground and connecting with the building. The pipes in the building were made to fit it. The overhead pipes are attached to the rafters by screws. But it was shown also that this tank could be removed without injury to the freehold, and that, while the tank and the pipe system were adapted to use in the building in which they had been installed, they could be installed and used in other buildings.

It was decreed that the sprinkler system was a fixture and did not pass to Romich by his purchase from the receiver; and his petition that he be adjudged the owner thereof was dismissed, and it was decreed that the title thereto had passed to the purchasers of the real estate under the foreclosure decree. *Stone* v. *Suckle,* 145 Ark. 387, 224 S. W. 735, is a well-considered case which announces the principles which we think are controlling

here. It enumerates the classes of persons between whom questions regarding the right of possession to what are called fixtures arise, and states the different rules that are applied to the different classes. It is there said that the strict rule as to fixtures which applies between heir and executor applies between vendor and vendee and between mortgagor and mortgagee. Another class of persons between whom the question frequently arises is the executor of the tenant for life and the remainderman or reversioner and there the right to fixtures is considered more favorably for the executors. Where the strict rule applies, all property attached to and adapted to the use of the property sold or mortgaged passes by the deed or mortgage, although it could be removed without damage to the property. But it was there said that between landlord and tenant the claim to have articles considered as personal property is received with the greatest latitude and indulgence. It is there further said that there is an exception of broader extent in respect to fixtures erected for the purpose of trade.

Now it is not contended that the sprinkler system is a trade fixture. But the question as to whether it is a fixture at all arises between parties who have taken the places of persons who were lessor and lessee or landlord and tenant. Appellees, through the mortgage foreclosure, have acquired the title of Saxon, the lessor or landlord. Appellant, through the receiver's sale, has acquired title of the Command-Aire, Inc., the lessee or tenant. What is known as the liberal rule is the one therefore to be applied, as the present litigants have acquired the right and title of persons whose original relation was that of landlord and tenant.

We think the sprinkler system was not placed in the mortgaged building as a part of it, and did not therefore become a fixture. We are led to this conclusion from the following facts and circumstances: (a) The lease gave the lessee the right to remove all machinery and equipment which it had then or might thereafter install upon expiration of the lease. It has expired and appellant owns the lessee's interest, whatever that is. (b) If there is

any ambiguity as to what property was included under the description of "all machinery and equipment," that doubt is removed by the testimony of the lessor, Saxon, himself, to the effect that it was expressly agreed that the sprinkler system might be removed upon the termination of the lease. (c) The sprinkler system was installed at a cost of $8,016. The foreclosure suit was pending when the lease was executed, and it would have been highly improvident on the lessee's part to incur this large expense which would be a total loss as soon as this foreclosure was completed. (d) The sprinkler system may be removed without damage to the building in which it was installed although some expense will be incurred in adapting it to, and in installing it in, another building. As stated in *Stone* v. *Suckle, supra,* this circumstance is not of controlling importance, but it is one to be considered in determining the intention of the parties and the character of the improvement. (e) The removal of the sprinkler system does not deprive appellee of any security which the original mortgage gave, as the system was installed subsequent to its execution. The equity of the case, as well as the law applicable to improvements of this character, call for the reversal of the decree, and it will be so ordered.

The decree is therefore reversed, and the cause will be remanded with directions to accord appellant the right to remove the sprinkler system.