HALBERT *v.* HELENA-WEST HELENA INDUSTRIAL
DEVELOPMENT CORPORATION.

5-1035                                         291 S. W. 2d 802

Opinion delivered June 25, 1956.

*David Solomon,* for appellant.

*James P. Baker, Jr., Tom Gentry,* Attorney General
and *Rose, Meek, House, Barron & Nash,* for appellee.

ED. F. McFADDIN, Associate Justice. This is a suit
brought by appellants, as citizens, residents and taxpay-
ers, seeking, *inter alia,* a declaratory judgment regard-
ing the validity of Act 404 of 1955, known as the ''Ar-
kansas Industrial Development Act,'' and hereinafter re-
ferred to as ''Act 404.'' The Trial Court sustained a
demurrer to the complaint and dismissed the suit; and
this appeal resulted. The defendants below and appel-
lees here are: (a) Helena-West Helena Industrial De-
velopment Corporation (hereinafter called either ''Hel-

ena Development Corporation'' or ''local corporation'') ; (b) the Arkansas Industrial Development Commission (sometimes called ''State Commission'') created by said Act 404 and the individual members of said Commission; and (c) the State Board of Finance (created by Act No. 338 of 1955) and the individual members thereof.

After stating the status of the parties, as above mentioned, the complaint alleged that the Helena Development Corporation, proceeding under Act No. 404, was about to issue $800,000.00 of industrial development bonds[1] secured by a mortgage on land and heavy industrial machinery; that from the proceeds of said bond issue, the Helena Development Corporation would acquire lands and buildings and install heavy industrial machinery at a total cost in excess of the bond issue; that the Helena Development Corporation would then convey the building and machinery to The Mohawk Rubber Company (an Ohio corporation) in consideration of The Mohawk Rubber Company assuming the $800,000.00 bond issue and operating a manufacturing establishment in the building so erected and equipped to manufacture automobile tires and other products; that the Arkansas Industrial Development Commission had approved the project under Act 404; and that the State Board of Finance had authorized the purchase of $400,-000.00 of said bond issue. The complaint then alleged four points on which it claimed that the Act 404 is unconstitutional, and one additional point on which it claimed that the Helena Development Corporation was about to violate Section 27 of the Act 404. These grounds of attack will be listed and discussed hereinafter.

As aforesaid, the Chancery Court sustained a general demurrer and dismissed the complaint, so the issues before us are the same five grounds of attack as those

---

[1] An exhibit attached to the complaint gave the appraisal figures as follows:

| | |
|---|---|
| "Appraised value of the lands | $ 49,800.00 |
| Appraised value of the present improvements | 730,797.39 |
| Addition of boiler | 25,000.00 |
| Addition of heavy industrial machinery | 500,000.00 |
| Total | $1,305,597.39" |

in the Trial Court; and no additional grounds of attack have been suggested or have occurred to this Court.

At the outset we briefly analyze the Act 404, which passed both Houses of the Legislature by overwhelming vote and without any amendment in the course of passage. The Act creates a State Commission known as the "Arkansas Industrial Development Commission" of seven members and hereinafter called "State Commission"; and in general terms prescribes the duties of said Commission. Section 13 of the Act allows fifteen or more natural persons in any city, town or county to organize a corporation under the Act for the industrial development of the area involved: Section 22 provides that the corporation shall be a non-profit corporation. The Act further provides that the organizers shall submit their proposed organization papers to the State Commission for approval and, when so approved, the papers shall be filed with the Secretary of State and corporate status shall begin. The local corporation so organized will seek to bring to the community new industrial plants. The local corporation can issue bonds for the construction of the plant, which it will then sell, rent or give to an industry as an inducement to locate in the community. There are restrictions as to the percentage of cost for which the bonds may be issued; the bonds may be secured by a mortgage on the physical assets of the local corporation; the local corporation is, in several respects, under the supervision and control of the State Commission. The Act also authorizes the State Board of Finance to purchase not to exceed one-half of the issue of the first lien industrial bonds issued by the local corporation, and the remaining bonds are to be sold to the public. Other particularities of the Act will be mentioned hereinafter.[2] Now we consider the five points that appellants make on this appeal.

---

[2] It is well to call attention to the fact that this is an effort by Arkansas to encourage the location of industries in our State. Other States have made such efforts. Some States proceed by private financing, as Arkansas is doing; some by public financing; and some by commercial credit corporations. Generally, Arkansas, Florida, Missouri and Oklahoma are using the private financing methods. Mississippi, Louisiana, Alabama and Tennessee, by and large, are using the public financing method, whereby municipalities or other political subdivi-

I. Appellants say: "*Act No. 404 of the Acts of the General Assembly of the State of Arkansas of 1955, in that it authorizes the issuance of bonds for the purpose of industrial expansion, is in violation of the provisions of Article 16, Section 1 of the Constitution of the State of Arkansas, as amended by Amendment No. 13 to the Constitution of the State of Arkansas, and is in violation of the provisions of Amendment No. 17 to the Constitution of the State of Arkansas, as amended by Amendment No. 25 to the Constitution of the State of Arkansas.*"

We pass for later consideration in this opinion the language of Section 20 of the Act 404, which reads:

"Any city, town, or county in the State may purchase membership in a local industrial development corporation organized under the provisions of this act."

With the exception of Section 20, we find nothing in the Act whereby any city, town, county or other subdivision of the State is granting any financial aid toward any development corporation organized under Act 404. The local corporation organized under the Act is a non-profit private corporation organized by individuals, who are, of course, public spirited citizens who want to see industrial development in their respective communities: but the corporation is a private corporation. In the case at bar, the Cities of Helena and West Helena and the County of Phillips are no more liable for the obligations of the Helena Development Corporation than they would be for the liabilities of grocery stores or mercantile establishments in their communities. Act 404 is not like the acts from other states considered in these cases, to-wit: *Miller* v. *Police Jury of Washington Parish*, 226 La. 8, 74 So. 2d 394; *In Re Opinion of Justices*, 99 N. H. 528, 114 Atl.

sions are authorized to issue general obligation bonds for the acquiring of funds to construct industrial sites. In the New England states, a development credit corporation plan is used, as a state-wide approach to the problem of assisting local industrial foundations in their efforts to attract and hold industry. As near as we can ascertain, the Arkansas Act No. 404 is not a copy of any act adopted by any other State, but is a composite of various acts; so we are not bound by any judicial construction made on any of the other acts. The point that we emphasize is that the Act 404 is Arkansas' attempt to keep up with the efforts that other States are making to attract industry.

2d 514; *In Re Opinion of Justices,* 254 Ala. 506, 49 So. 2d 175; *Faulconer* v. *City of Danville,* 313 Ky. 468, 232 S. W. 2d 80; and *Holly.* v. *City of Elizabethton,* 193 Tenn. 46, 241 S. W. 2d 1001. The Arkansas Act organizes the local development corporation as a non-profit private corporation; and this is certainly within the powers of the Legislature.

II. Appellants say: *"Section* 20 *of said Act No. 404 is in violation of the provisions of Article 12, Sections 5 and 7 of the Constitution of the State of Arkansas, and is in violation of the provisions of Amendment No. 13 to the Constitution of the State of Arkansas."* We have previously quoted Section 20 of the Act; and we conclude that this section offends against our Constitution and its Amendments. Article 12, Section 5 of the Constitution provides:

"No county, city, town or other municipal corporation shall become a stockholder in any company, association or corporation; or obtain or appropriate money for, or loan its credit to, any corporation, association, institution or individual."

Amendment 13 of the Constitution provides in part:

"No municipality shall ever grant financial aid toward the construction of railroads or other private enterprises operated by any person, firm or corporation . . ."

Under Section 20 of the Act 404, a city, town or county is allowed to "purchase membership" in a local industrial development corporation. It would be doing indirectly what the Constitution forbids to be done directly, if a county or municipality were allowed to purchase a membership in the corporation, because such purchase of "membership" would certainly be granting financial aid to the said local corporation. When the Arkansas Legislature allowed the creation of local development corporations as private non-profit corporations, it could not at the same time allow counties or municipalities to grant financial aid to such corporations. The appellees cite the case of *Neel* v. *City of Little Rock,* 204 Ark. 568,

163 S. W. 2d 525, 142 A. L. R. 1071, as a case in which we allowed a city to donate money to the Community Chest and say that, by the same token, we should allow cities to buy memberships in local development corporations organized under Act 404. But in *Neel* v. *City of Little Rock,* some *surplus money* of a city was allowed to be given to public charity, which saved the city from making certain expenditures; that is far different from the situation here. At all events, *Neel* v. *City of Little Rock* is a borderline case; and we refuse to extend the effect of its holding.

So we conclude that Section 20 of the Act 404 should be stricken. But that does not affect the remainder of the Act, as we will discuss in the next section of this opinion.

III. Appellants say: *"Section 36 of said Act No. 404 is in violation of the provisions of Article 16, Section 6, of the Constitution of the State of Arkansas."*

Section 36 of the Act 404 says:

"Bonds issued in accordance with the provisions of this act shall be exempt from all taxes, state, county and municipal; this exemption including income taxation and inheritance taxation."

We think this section is in violation of Article 16, Section 6 of the Constitution of Arkansas, which says:

"All laws exempting property from taxation, other than is provided in this Constitution, shall be void."

The appellees practically concede that the effect of our opinion in the case of *Jernigan* v. *Harris,* 187 Ark. 705, 62 S. W. 2d 5, is against the complete validity of this section. In the case of *Jernigan* v. *Harris* there was an effort to exempt from taxation certain improvement bonds to be issued, and in holding the exemption to be bad, Mr. Justice FRANK G. SMITH, speaking for this Court, said:

"It is attempted in both acts to exempt from all forms of taxation any of the bonds authorized by each of

the acts. Section 5 of article 16 of the Constitution provides that all property subject to taxation shall be taxed according to its value, in such manner as the General Assembly shall direct,. making the same equal and uniform throughout the State, and provides also the property which shall be exempt from taxation. Section 6 of the same article of the Constitution provides that 'All laws exempting property from taxation other than as provided in this Constitution shall be void.' It would appear therefore that this provision of the act exempting the bonds from taxation is void, at least when such bonds are held by any person or agency whose property is not otherwise exempt from taxation.''

Appellees cite us to the cases of *Fulkerson* v. *Refunding Board,* 201 Ark. 957, 147 S. W. 2d 980; and *Ward* v. *Bailey,* 198 Ark. 27, 127 S. W. 2d 272, as cases in which certain exemptions were allowed on bonds. But the bonds issued in those cases were state bonds, and the bonds to be issued by the Helena Development Corporation are bonds issued by a private non-profit corporation; so the cited cases have no application.[3]

We come then to the effect of the invalidity of Section 20 and Section 36 of the Act 404; and with those sections stricken from the Act, the remaining portions of the Act remain full and complete. Section 38 of the Act 404 says:

''The provisions of this act are hereby declared to be severable. If any section, paragraph, sentence or clause of this act shall be held unconstitutional or invalid, the invalidity of such section, paragraph, sentence or clause, shall not affect the validity of the remainder of the said act.''

In *Jernigan* v. *Harris, supra,* a section was stricken from an act and the remaining portion of the act was there,

---

[3] Amendment 27 to our Constitution allows a State agency to investigate and contract with the owners of any new manufacturing or processing establishment for an exemption from State property taxation for as long as ten years. Whether the Helena Development Corporation or The Mohawk Rubber Company could qualify under that amendment, is something to be demonstrated in a case developing the facts. We merely mention it as a point not raised or decided in the present case.

as here, held to be valid and enforceable. We adopt here what Mr. Justice Frank G. Smith, speaking for the Court in the Jernigan case, said:

"This exemption does not, however, render either act void, for the reason that each act contains identical sections reading as follows: 'The sections and provisions of this act are separable and are not matters of mutual essential inducement, and it is the intention to confer the whole or any part of the powers herein provided for, and if any of the sections or provisions or parts thereof is for any reason illegal, it is the intention that the remaining sections and provisions or parts thereof shall remain in full force and effect.' We have uniformly held that, where a statute is unconstitutional in part, the valid portion will be sustained if complete in itself and capable of being executed in accordance with the apparent legislative intent. These acts are both complete and capable of being executed in accordance with the legislative intent expressly declared in the section quoted, and the acts must therefore be upheld, notwithstanding this exemption and its consequent unconstitutionality as applied to persons or agencies whose property would otherwise be subject to taxation."

IV. Appellants say: *"Section 34 of said Act No. 404 is in violation of the provisions of Article 16, Section 11 of the Constitution of the State of Arkansas, and is in violation of the provisions of Amendment No. 13 to the Constitution of the State of Arkansas."* We find no merit to the appellants' contention on this point. Amendment 13 of the Constitution says in part:

"Neither the state nor any city, county, town or other municipality in this State, shall ever lend its credit for any purpose whatever; . . ."

Section 34 of Act 404 authorizes the State Board of Finance "in its discretion" to purchase from local development corporations fifty per cent of the principal amount of the bond issue up to a certain amount. The State is certainly not lending its credit to the local development corporation when it purchases bonds and receives the bonds. The Act creating the State Board of Finance is

Act 338 of 1955 (see § 13-401 Ark. Stats. 1956 Replacement Volume). Whether the State Board of Finance invests the State's surplus in one kind of bond or another is a matter for the Legislature to permit, and for the State Board of Finance to then decide in the exercise of its discretion. Certainly the Legislature can determine what kind of securities can be purchased by the State Board of Finance in its discretion; and until it is shown — and it has not been so shown here — that the State Board of Finance has abused its discretion or that such investment impairs the State's ability to pay outstanding obligations as they mature, then no case is made by the appellants under this point.

V. Appellants say: *"The action of the defendant, Helena-West Helena Industrial Development Corporation, in issuing bonds for the purchase of heavy industrial machinery to be constructed into the building, as set out in the complaint, and in the application to the Arkansas Industrial Development Commission, is contrary to the provisions of Section 27 of said Act No. 404."*

In this point appellants are not attacking the constitutionality of any section of the Act 404 but are attacking the actions of the local corporation in attempting to borrow money for the purpose of purchasing heavy industrial machinery to be installed in the building involved. Appellants cite Section 27 of the Act 404, which reads:

"Each corporation organized under this act is authorized to borrow money and to issue negotiable coupon bonds for the repayment thereof from corporate funds to carry out the purpose for which the corporation is organized; *provided, however, that no first lien bonds shall be issued* by any corporation organized under the provisions of this act *for the purpose of purchasing equipment or other personal property."* (Emphasis supplied by appellants.)

Appellants cite the following cases to sustain their position on this point, to-wit: *Sessoms* v. *Ballard,* 160 Ark. 146, 254 S. W. 446; *Barnes* v. *Jeffus,* 173 Ark. 100,

291 S. W. 990; *Bank of Mulberry* v. *Hawkins*, 178 Ark. 504, 10 S. W. 2d 898; *Bennett* v. *Taylor*, 185 Ark. 794, 49 S.W. 2d 608; and *Romich* v. *Kempner Bros. Realty Co.*, 192 Ark. 454, 92 S. W. 2d 215.

But as a part of appellants' complaint, there was a copy of the application of the local corporation to the State Commission and in that application there was the following paragraph which the demurrer admits to be true:

"In order to make these lands and improvements adaptable to the needs of The Mohawk Rubber Company as a plant site, and in order to make it possible for The Mohawk Rubber Company to use these lands and improvements as a plant site, it is necessary, and the Industrial Development Corporation proposes, to add to the lands and buildings a boiler of such nature and design, with all equipment necessarily appurtenant thereto, and in such location, as may be specified by The Mohawk Rubber Company. It proposes further to install heavy industrial machinery required in the manufacturing of vehicle tires. Individual pieces of this machinery weigh in excess of 75 tons. Much of it requires special foundations, some of them as much as eight feet thick. Much of the heavy machinery exceeds a normal floor in height and requires a special adaptation of ceilings and walls. Once the machinery is in place it is essentially a part of the land itself. It cannot be removed except by cutting the machinery into pieces, which cannot be reassembled to its former usefulness. If it is removed, the removal leaves the floor and ceiling of the building damaged and incomplete. The heavy foundations are useful for nothing else except similar machinery, and the ceiling must be repaired before the building can be used for any other purpose. Such machinery is as much a part of the land and buildings, for example, as a furnace or a central air conditioning system with pipes and ducts running throughout the building."

Under the admitted facts, it is clear that the Helena Development Corporation is not erecting a mere "barebones" building, but is erecting a manufacturing estab-

lishment: the boiler and the heavy industrial machinery are necessarily parts of the manufacturing establishment just as are the windows and doors of the building. A careful study of the entire Act 404 convinces us that Section 27, here under attack, was intended as an inhibition against the purchase of equipment and personal property separate from the erection of an industrial establishment: that is, a local corporation could not purchase equipment and personal property alone and transfer or lend or give such equipment to some manufacturing establishment. Here, the boiler and the heavy industrial machinery are to be installed in the building to complete the manufacturing establishment, and when installed in the building will become a part of the realty and conveyed and mortgaged as such. The Helena Development Corporation and the Mohawk Company so understand. In many of our cases we have held that when trade fixtures become a part of the realty, they pass with it as such. Such is the situation here. Some of our cases so holding are: *Waldo Fertilizer Works* v. *Dickens,* 206 Ark. 747, 177 S. W. 2d 398; *Morgan Utilities* v. *Kansas City Life Ins. Co.,* 183 Ark. 492, 37 S. W. 2d 90; *Dent* v. *Bowers,* 166 Ark. 418, 265 S. W. 636, 36 A. L. R. 443; *Peck-Hammond Co.* v. *Walnut Ridge Dist.,* 93 Ark. 77, 123 S. W. 771; *Kansas City So. Ry. Co.* v. *Anderson,* 88 Ark. 129, 113 S. W. 1030; *Thompson* v. *Lewis,* 120 Ark. 252, 179 S. W. 343; *Hoye Coal Co.* v. *Colvin,* 83 Ark. 528, 104 S. W. 207; and *Ozark* v. *Adams,* 73 Ark. 227, 83 S. W. 920. In the light of the foregoing cases, we find no merit in the appellants' fifth point.

### Conclusion.

With Sections 20 and 36 of Act 404 stricken, there is still left a valid and workable Act; and the Helena Industrial Corporation can proceed under the Act minus these two sections. The decree is affirmed as to all matters except Sections 20 and 36 of the Act 404; as to them the decree is reversed and the cause is remanded, with directions to enter a decree in accordance with this opin-

ion. All costs will be equally divided between appellants and appellees.

HOLT, J. votes to affirm as to all matters except Section 36 of the Act 404 of 1955.

GEORGE ROSE SMITH, J. not participating.