The Honorable Bill Mills State Representative Box 1378 Searcy, AR 72143
Dear Representative Mills:
This is in response to your request for an opinion regarding A.C.A. 14-173-101 et seq., the "City and County Economic Development Grant Authorization Act". You have asked whether this act is constitutional in light of Article 12, Section 5 of the Arkansas Constitution.
You have stated that you are particularly interested in its application pursuant to two Arkansas Supreme Court cases: City of Jacksonville v. Venhaus, 302 Ark. 204, 778 S.W.2d 478 (1990) and Halbert v. Helena-West Helena Industrial Development Corporation,226 Ark. 620, 291 S.W.2d 802 (1956). You have also enclosed an ordinance from the City of Jonesboro, and have inquired as to its constitutionality.
Please note that I have enclosed a copy of Attorney General Opinion Number 88-114, wherein the case of Halbert v. Helena-West Helena Industrial Development Corporation is discussed with respect to the legality of county appropriations to the Johnson County Development Corporation and to a county Chamber of Commerce. The Halbert case involved a challenge under Article 12, Section 5 to an act which authorized the purchase of memberships in local industrial development corporations by cities and towns.
(The act was subsequently amended to permit a city or town to invest its surplus funds in the bonds or other obligations of an industrial development corporation. See A.C.A. 15-4-523.) The Court ruled that the act was unconstitutional, stating:
 It would be doing indirectly what the Constitution forbids to be done directly, if a county or municipality were allowed to purchase a membership in the corporation, because such purchased of `membership' would certainly be granting financial aid to the said local corporation. When the Arkansas Legislature allowed the creation of local development corporations as private non-profit corporations, it could not at the same time allow counties or municipalities to grant financial aid to such corporations.
Halbert, 226 Ark. at 625 (emphasis added).
This case formed the basis for the conclusion in Opinion Number 88-114 that an appropriation of county funds for a private, nonprofit corporation or association such as the Johnson County Development Corporation or the Johnson County Chamber of Commerce was prohibited under Article 12, Section 5. Halbert has not been modified or overruled, and indeed was cited with authority in the Arkansas Supreme Court's recent decision in City of Jacksonville v. Venhaus.
City of Jacksonville involved a challenge to a chancellor's refund plan with respect to the residue of a common fund that was created to challenge a county use tax. The chancellor had directed the distribution of $700,000.00 of the residue to forty-two charities or funds. Of particular significance for purposes of your inquiry is the following language from the decision:
 The Arkansas Constitution forbids county or municipal funds to be given to any corporation, association, institution, or individual. Ark. Const. Art. 125; Halbert v. Helena-West Helena Ind. Dev. Corp., 226 Ark. 620, 625, 291 S.W.2d 802, 806
(1956). The record reveals, however, that fifteen or more corporations were awarded $355,000.00 in the distribution order.
City of Jacksonville, 302 Ark. at 210.
We must conclude, following Halbert and City of Jacksonville, that the appropriation of county or city funds for nonprofit corporations is unconstitutional.
It is therefore my opinion that A.C.A. 14-173-101 et seq. is constitutionally suspect to the extent that it purports to authorize the award or transfer of county or city funds to nonprofit corporations.
A similar conclusion must be reached with regard to the City of Jonesboro Ordinance No. 2198, which includes "local industrial development corporations, local Chamber of Commerce, or other nonprofit corporation having as its primary corporate function and activity the promotion and support of economic development. . ." within the category of "recipients eligible for grants." Jonesboro, Ar., Ordinance 2198 (Aug. 7, 1989). It is my opinion that Halbert and City of Jacksonville portend the invalidation of such ordinances by the Arkansas Supreme Court.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1] Article 12, Section 5 states: No county, city, town or other municipal corporation shall become a stockholder in any company, association or corporation, or obtain or appropriate money for, or loan its credit to any corporation, association, institution, or individual.
[2] Act 404 of 1955, as amended, which is codified as A.C.A. 15-4-501
et seq., authorizes the incorporation of organizations for the purpose of encouraging and promoting agricultural and industrial development in cities, towns, and counties. A.C.A. 15-4-501.
[3] For a discussion of cases preceding Halbert and City of Jacksonville involving charitable donations by local governments, see T. Carpenter, "'Buddy, Can You Spare a Dime' (Constitutional Questions about Local Government Donations to Charity)", The Arkansas Lawyer 16 (Oct., 1990).