The Honorable Will Feland Prosecuting Attorney Seventeenth West Judicial District P.O. Box 423 Lonoke, Arkansas 72086
Dear Mr. Feland:
 This is in response to Deputy Prosecuting Attorney Larry Cook's request for an opinion concerning a proposed "voluntary tax" to be placed by the tax collector on the Lonoke County tax statements. Specifically, the question is whether the inclusion by the Lonoke County Tax Collector of a box on the tax statements for the taxpayers to check stating that they will donate one dollar to the Lonoke County Open Arms Shelter, a shelter for juveniles, would violate the law.
It is my opinion that the answer to your question is, in all likelihood, "yes".
"Voluntary taxes" are mentioned in the Arkansas Code Annotated at A.C.A. § 26-25-106, which provides in pertinent part that:
 (a) Whenever the electors of any county of this state may levy a voluntary tax, it shall be unlawful for the county judge, the county court, or any other county official to use or allocate any moneys derived from any voluntary tax for purposes other than for which it was levied and collected.
The legislature has thus appeared to authorize "voluntary taxes", and we have so noted in previous opinions of this office. See Opinion No. 83-71.
Constitutional provisions must also be considered, however. The Arkansas Constitution, Art. 12, § 5 provides that:
 No county, city, town or other municipal corporation shall become a stockholder in any company, association or corporation; or obtain or appropriate money for, or loan its credit to, any corporation, association, institution or individual. [Emphasis added.]
We understand that the "Lonoke County Open Arms Shelter" is a private charitable institution.[1] The provision above would therefore appear to prohibit any county from obtaining money for it. The collection of a voluntary tax would, in my opinion, constitute the "obtain[ing]" of money for this institution. Although there are no cases directly on point, this conclusion is compelled by the express language of Article 12, § 5.
This conclusion is consistent with recent case law of the Arkansas Supreme Court. See e.g. City of Jacksonville v. Venhaus,302 Ark. 204, 788 S.W.2d 478 (1990), and Halbert v. West Helena Industrial Development Corp., 226 Ark. 620, 291 S.W.2d 802
(1956). Prior case law held, under Art. 12, § 5, that funds could be appropriated if the recipient performed a "governmental function" or fulfilled a "public purpose". See, e.g. City of Little Rock v. Neel, 204 Ark. 568, 163 S.W.2d 525 (1942) and Bourland v. Pollock, 157 Ark. 538, 249 S.W. 360 (1923). The holdings of these cases, although they were not expressly overruled in Venhaus, have probably been rejected.
The current state of the law was summed up in T. Carpenter, "`Buddy Can You Spare a Dime' (Constitutional Questions about Local Government Donations to Charity)", The Arkansas Lawyer 16 (Oct., 1990) as follows:
 Although the court once considered government donations to charity to be permissible, recent decisions prohibit such donations to nonprofit organizations and may prohibit donations to any such group. Even the cases permitting the donation require a legitimate governmental purpose.
Carpenter, supra at 21.
Thus, if the shelter is a nonprofit corporation, the collection of the voluntary tax would, in my opinion, violate the law. If it is not a nonprofit corporation, but rather simply a private charity, the issue is less clear; but the Arkansas Supreme Court is apparently moving toward a stricter construction of Art. 12, § 5. Prudence would therefore dictate that the "voluntary tax" not be collected.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb
[1] Previous opinions of this office have upheld "voluntary taxes" only when the collected funds are used to support public entities. See Opinion Nos. 83-71 and 87-340, copies of which are enclosed.