The Honorable David S. Clinger Prosecuting Attorney Nineteenth Judicial District 100 Northeast A Street Bentonville, Arkansas 72712
Dear Mr. Clinger:
This is in response to Deputy Prosecuting Attorney Kenneth Elser's request for an opinion concerning the validity of Carroll County collecting a voluntary tax to support the Carroll County Learning Center, a private, nonprofit corporation.
It is my opinion, although there are no precisely controlling Arkansas cases, that the collection of a voluntary tax for this private nonprofit corporation would run afoul of Arkansas Constitution, art. 12, § 5 and would therefore be invalid. See
Opinion No. 91-015, a copy of which is enclosed.
In Opinion No. 91-015, cited above, it was concluded that the collecting of a voluntary tax by a county for a private nonprofit corporation would amount to the "obtaining" of money for a private corporation in violation of art. 12, § 5, which provides that;
 No county, city, town or other municipal corporation shall become a stockholder in any company, association or corporation; or obtain or appropriate money for, or loan its credit to, any corporation, association, institution or individual. [Emphasis added.]
There are no Arkansas cases addressing the collection of voluntary taxes as being violative of this provision; but, in my opinion, the express language above can be construed to prohibit a county from "obtain[ing]" money, even though voluntarily donated, through the county tax collection system.
Your office has given a legal opinion to the quorum court upholding the validity of the collection of the voluntary tax, based primarily upon the assertion that the private nonprofit in question would be providing a "public service" or performing "governmental work" or fulfilling a "public purpose." Your opinion relies on cases such as Bourland v. Pollack,157 Ark. 538, 249 S.W. 360 (1923); City of Little Rock v. Neel,204 Ark. 568, 163 S.W.2d 525 (1942); and Halbert v. Helena-West HelenaIndustrial Development Corp., 226 Ark. 620, 291 S.W.2d 802
(1956). In my opinion, the validity of the two former decisions, at least as regards private nonprofit corporations, has been called into question by City of Jacksonville v. Venhaus,302 Ark. 204, 788 S.W.2d 478 (1990). See again, Opinion No.91-015, and T. Carpenter, "`Buddy Can You Spare a Dime?' Constitutional Questions about Local Government Donations to Charity," The Arkansas Lawyer 16 (Oct., 1990), a copy of which is also enclosed.
Even if it could be concluded that these cases are still the law of this state, they do not stand for the proposition that the collection of this tax would be valid under art. 12, § 5. The language of Bourland, supra, cited in your memo, itself requires that the donation be to carry on "governmental work which otherwise the city would have to perform, or should perform. . . ." This conclusion is also stated in the article of T. Carpenter, wherein it is stated that:
 Bourland established that entities funded in part by government donations had to accomplish `governmental functions,' i.e., functions that the city, absent the charity, would have to fulfill on its own. Conceivably, this standard is higher than merely requiring that the activity fulfill a public purpose.
The problem with the argument that the Carroll County Learning Center is performing a "public service," so as to validate the obtaining of money for it by the county, is that it does not perform a service which the county would otherwise be required to perform. It does, presumably, provide a service which thestate, through the Departments of Education and Human Services would otherwise have to perform. In fact, the documents attached to your request indicate that the Learning Center is under contract with the state to provide such services. This fact, however, does not fulfill the Bourland test (even if still the law) as to donations made by counties.
Arkansas Code Annotated § 26-80-107 is also cited in your opinion as authority for the proposition that the collection of this voluntary tax would be valid. In my opinion, the language of A.C.A. § 26-80-107, which refers to the collection of "voluntary taxes" to support "the common schools of the [school] district," does not stand for the proposition that such taxes may be collected for the benefit of private entities. Even if it did, this statute could not be cited as authority contrary to a state constitutional provision. Similarly, A.C.A. § 26-25-106, cited in your opinion, does not purport to authorize the collection of voluntary taxes for private entities.
Finally, it is stated in the memo of your office that two previous opinions of the Attorney General support the conclusion that voluntary taxes are permissible. See Op. Att'y. Gen. Nos. 83-71 and 87-340. As noted in Opinion No. 90-015, however, each of these opinions addressed the validity of voluntary taxes collected for the benefit of public entities, not private ones. Op. No. 90-015 at n. 1.
In conclusion, it is my opinion that the collection of voluntary taxes through the county tax collection system for the benefit of a private nonprofit corporation would be subject to challenge under art. 12, § 5 of the Arkansas Constitution.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosure