The Honorable Morril Harriman State Senator and Chairman Legislative Joint Auditing Committee 172 State Capitol Little Rock, Arkansas 72201-1099
Dear Senator Harriman:
This is in response to your request for an opinion on eight questions you have posed regarding the collecting, by a county, of voluntary taxes for the benefit of private non-profit corporations.[1] Your eight questions are restated below and answered in the order posed.
Your first question is as follows:
 1. Does a county have the authority to place a voluntary tax or voluntary contribution for the benefit of nonprofit corporations on the tax bills, collect the amounts and make distributions without a vote of the electors?
The Arkansas Supreme Court has never squarely addressed the question posed above. This office has previously issued opinions, however, which suggest that the action you describe would violate Arkansas Constitution, art. 12, § 5. See, e.g., Ops. Att'y Gen. 92-019, 91-077 and 91-015. This constitutional provision states that: "No county, city, town or other municipal corporation shall become a stockholder in any company, association or corporation; or obtain or appropriate money for,
or loan its credit to, any corporation, association, institution orindividual." (Emphasis added.) Although this provision has never been interpreted to prohibit the collection of voluntary taxes for private nonprofit corporations, the plain language above would appear to proscribe such conduct. The county would be obtaining money for a private corporation. In the absence of a judicial decision, therefore, I must conclude that such conduct is violative of the Arkansas Constitution.
Emerging case law of the Arkansas Supreme Court seems to support a restrictive reading of article 12, § 5. See, e.g., Jacksonville v.Venhaus, 302 Ark. 204, 788 S.W.2d 478 (1990), Halbert v. West HelenaIndustrial Development Corp., 226 Ark. 620, 291 S.W.2d 802 (1956) and T. Carpenter, "`Buddy, Can You Spare a Dime' (Constitutional Questions about Local Government Donations to Charity)," The Arkansas Lawyer 16 (Oct., 1990). As noted in previously issued opinions, however, there is one state statute pertaining to the collection of voluntary taxes. See
A.C.A. § 26-25-106, which provides that whenever the electors of any county may levy a voluntary tax, it shall be unlawful for the county to allocate the moneys derived therefrom for any purposes other than those for which it was collected. This statute has never been interpreted as giving counties the authority to collect voluntary taxes for private
entities. This office has previously opined that the collection of such taxes for public entities under this statute would not violate art. 12, § 5 (see, e.g., Op. Att'y Gen. 83-71 and 87-340), although it appears an election may be necessary under A.C.A. § 26-25-106 and possibly under A.C.A. § 26-73-103 (Supp. 1993) to authorize the collection of voluntary taxes for public entities. In response to your first question, however, even if the electors approved a voluntary tax for the benefit of aprivate nonprofit corporation it is my opinion nonetheless that the county's action of collecting the tax would violate the language of the constitution.
Your second question is as follows:
 2. If the answer to #1 is "yes," what is the proper procedure for the county to follow in placing the voluntary tax or voluntary contribution on the tax bills?
In light of the response to your first question, an answer to this question is unnecessary.
Your third question is as follows:
 3. If the answer to #1 is "no," is it proper for a county to issue a separate bill listing suggested voluntary taxes or contributions for the benefit of nonprofit corporations?
In my opinion the answer to this question is "no." It is the county's action of collecting the tax for the benefit of a private corporation which is objectionable under the constitution, not the method of collection.
Your fourth question is as follows:
 4. Does it make any difference if the nonprofit performs a required county or municipal function, a permissible function, or a function that is outside the scope of the political subdivision?
It is my opinion, under the most recent case law on point (City ofJacksonville v. Venhaus and Halbert v. West Helena Industrial DevelopmentCorp.), that it does not make any difference under art. 12, § 5 what function a private nonprofit corporation serves. The issue may be less clear with regard to entities which are not incorporated, as more recent case law does not address such entities, but this does not appear to be the focus of your question.
Your fifth question is as follows:
 5. If a county can have a voluntary tax or `contribution' for the benefit of a nonprofit corporation on the tax bill, does the quorum court have the authority pick and choose which nonprofit organizations should be placed on the tax bills?
In light of the negative response to your first question, an answer to this question is unnecessary.
Your sixth question is as follows:
 6. Does it matter if there is a cost to the county in collecting the voluntary contributions or taxes?
The answer to this question is unclear. It has been stated that the original intent of art. 12, § 5 of the Arkansas Constitution was to prohibit the private gain at public expense that occurred when cities were investing in railroad corporations. Bourland v. Pollack,157 Ark. at 547, 249 S.W. 360 (1923). The reasoning of the Bourland case, however, has been abandoned by later case law. See T. Carpenter,supra. The language of the provision itself goes primarily to the transfer of public funds to private entities. It is only the included language proscribing the "obtain[ing]" of money for such private corporations, which, in my opinion prohibits the collection of voluntary taxes for such entities. I cannot, however, give no effect to this language. It prohibits a county from "obtain[ing]" money for a private corporation. The expenditure of county funds in the obtaining of such money does not appear to be a requirement in order for the above prohibition to apply. Although there is no judicial precedent on the question, therefore, I am constrained to opine that the answer to this question is "no."
Your seventh question is as follows:
 7. Does it matter if the county officials deduct their cost of collection, or a commission, before distributions to the nonprofits?
Again, although the issue is not entirely clear, it appears that the answer is "no." See discussion above in response to question 6.
Your eighth and final question is as follows:
 8. If a cost, commission, or fee may be charged for the collection of voluntary taxes or contributions, what is the proper amount that may be charged?
In light of the responses to questions above, an answer to this question is unnecessary.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] Your request indicates that Carroll County collects four such taxes, two "cemetery taxes," one tax for the Carroll County Learning Center, and one for the Carroll County Fair Board. I assume, because your question is posed with regard to private non-profit corporations, that each of these entities is a private non-profit corporation.