The Honorable Jay Bradford State Senator P.O. Box 8367 Pine Bluff, Arkansas 71611-8367
Dear Senator Bradford:
This is in response to your request for an opinion on the following question:
 If a municipal corporation enters into a contract for services with a non-profit corporation, in order to pass legal muster under Article 12, Section 5, what type of expenses are reimbursable where the service provided is youth crime prevention/intervention:
 rent; utilities; transportation; salaries for personnel, including fringe benefits such as social security, dental insurance; bookkeeping; mileage; supplies; equipment; awards; tickets to special events; teaching aids; registration for seminar/events?
The "Article 12, Section 5" to which you refer is a provision of the Arkansas Constitution, which provides as follows:
 No county, city, town or other municipal corporation shall become a stockholder in any company, association or corporation; or obtain or appropriate money for, or loan its credit to any corporation, association, institution or individual. [Emphasis added].
It has been held under this provision that municipal corporations are prohibited from making grants to nonprofit corporations to carry out their charitable works. See, e.g.,City of Jacksonville v. Venhaus, 302 Ark. 204, 788 S.W.2d 478
(1990) and Halbert v. Helena-West Helena Industrial DevelopmentCorporation, 226 Ark. 620, 291 S.W.2d 802 (1956). For a discussion of cases preceding Halbert and City of Jacksonville, see T. Carpenter, "`Buddy Can You Spare A Dime' (ConstitutionalQuestions about Local Government Donations to Charity)," TheArkansas Lawyer 16 (Oct., 1990). As noted in this publication, however, and in too many Attorney General opinions to cite, "[t]he Arkansas Constitution does not forbid a local government from contracting with a charitable corporation." Id. at 20. I have previously opined, however, that such contracts must be supported by adequate consideration and must fulfill a proper municipal purpose. See, e.g., Op. Att'y Gen. 93-374.
It is such a contract entered into with a private nonprofit corporation which gives rise to your question. I have not been provided with a copy of the contract or contracts in question. Neither have I been provided with any facts as to the exact services provided under the contract. As long as the contract is supported by adequate consideration and fulfills a proper municipal purpose, there should be no constitutional impediment flowing from art. 12, § 5.
As far as your reference to which expenses are "reimbursable" under the contract, it is my understanding that the City of Pine Bluff has contracted with certain nonprofit corporations to provide youth crime prevention/intervention services, and has an arrangement with a citizens group called "Partners for a Better Pine Bluff" ("PBPB"), to oversee the expenditure of City funds on the contract. In this vein, the particular nonprofit corporation provides the services agreed upon and expenditures are apparently approved on a "receipt basis" by PBPB and ultimately the City. That is, the nonprofit incurs expenditures in the performance of the contract and submits a bill to the City for reimbursement of each individual expenditure.
Nothing in art. 12, § 5 addresses this issue. Typically, when a municipality or other entity enters into a contract with a nonprofit corporation to provide certain services, the payment of a lump sum or installments by the city in consideration for the services provided or to be provided is contemplated. There is no article 12, § 5 problem in such instance as long as the consideration is adequate and the subject matter of the contract fulfills a proper municipal purpose. Here, where the municipality has retained for itself the power to approve individual items of expenditures made under the contract, it may have subjected itself to an exacting public purpose or municipal purpose review as to each expenditure, rather than as to the purpose of the contract as a whole. Cf. generally Op. Att'y Gen. 91-410 (discussing the tests to determine the legality of individual city expenditures).
I cannot make a factual determination as to whether each such individual expenditure serves a proper public or municipal purpose. This task must fall to the individual or individuals who normally provide legal guidance to the City.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh