The Honorable David Malone State Senator P.O. Box 1048 Fayetteville, AR 72702-1048
Dear Senator Malone:
You have requested an Attorney General opinion concerning a county's contracts with non-profit agencies for human services.
You have provided a copy of the county's ordinance authorizing such contracts, as well as two sample contracts with non-profit agencies. The ordinance does not specifically address the issue of the funding of such contracts, other than to require competitive bidding. However, both of these contracts state: "During the year 1999, the County shall provide $___ to Agency, on a periodic basis, at its discretion, assuming tax revenues are such that the County is able to fulfill its commitment."
You have asked:
 (1) Is this method of funding and contracting for human services constitutional? Does it violate Article 12, § 5 of the Arkansas Constitution?
 (2) Is competitive bidding required in the selection of contracting agencies?
 (3) Is the county required by law to monitor or supervise the contracted services?
RESPONSE
Question 1 — Is this method of funding and contracting for human servicesconstitutional? Does it violate Article 12, § 5 of the ArkansasConstitution?
As an initial matter, I must point out that the Office of the Attorney General normally concerns itself primarily with matters of state law, and does not ordinarily construe the language of county ordinances or of individual contracts entered into by the county. The construction of such ordinances and contracts necessarily involves a determination of the intent of the quorum court (and the other party to the contract), a factor that this office is not well situated to consider and address. It also requires a consideration of other factors of which this office is unaware that could reflect a particular intent on the part of the quorum court (and the other contracting party) that is not apparent from the face of the ordinance or the contract. The awareness of such factors is a matter within the local domain, rather than the domain of this office. The construction of the ordinance and contracts about which you have inquired therefore must ultimately be handled through a medium that can consider such local matters, such as a court. For these reasons, I cannot opine definitively in response to your question.
Nevertheless, because your question inquires about a matter of state law, I will proceed to respond to the extent that I am able, given the limitations on my ability to construe the ordinance and contracts.
Article 12, § 5 of the Arkansas Constitution, about which you have inquired in relation to the county's contracts with non-profit agencies, states:
 No county, city, town or other municipal corporation shall become a stockholder in any company, association or corporation; or obtain or appropriate money for, or loan its credit to, any corporation, association, institution or individual.
Ark. Const., Art. 12, § 5.
It is well established that this provision prohibits counties fromdonating funds to private entities. See City of Jacksonville v. Venhaus,302 Ark. 204, 788 S.W.2d 478 (1990); Halbert v. Helena-West HelenaIndustrial Development Corporation, 226 Ark. 620, 291 S.W.2d 802 (1956). However, it does not prohibit a county from entering into a contract with a private entity, provided that the contract is supported by adequate consideration,[1] and provided that the contract serves a legitimate county purpose. See Ops. Att'y Gen. Nos. 97-250; 97-108; 96-287; 95-374; 93-274; 92-099; 91-410; 89-061. The questions of adequate consideration and contractual purpose are questions of fact that can be determined only upon a thorough review of each contract in question. As previously indicated, I am not authorized to conduct such a review. If such a review should result in a determination that the contracts in question were supported by adequate consideration and served a legitimate county purpose, it would be my opinion that they would not be violative of Article 12, § 5 of the Arkansas Constitution.
Question 2 — Is competitive bidding required in the selection ofcontracting agencies?
It is my opinion that competitive bidding is required in the selection of contracting agencies.
County purchasing procedures are set forth in A.C.A. § 14-22-101 et seq.
These statutes require that counties obtain bids for purchases of "commodities" the estimated purchase price of which will equal or exceed $10,000.00. A.C.A. § 14-22-102; A.C.A. § 14-22-104(1). The term "commodities" as used in this statute is defined as follows:
 "Commodities" means all supplies, goods, material, equipment, machinery, facilities, personal property, and services other than personal services, purchased for or on behalf of the county[.]
A.C.A. § 14-22-101(2).
I note that the above-quoted provision defines the term "commodities" to include "services other than personal services." Id.
Although the term "personal services" is not defined in the statute, the Attorney General has consistently adhered to the view, based upon generally recognized authority, that "personal services" are those services that require special skill, experience, or business judgment.See, e.g., Ops. Att'y Gen. Nos. 99-136; 94-286; 93-412; 91-308; 90-037; 90-030. A determination of whether any particular contract for "human services" constitutes a contract for "personal services" within the meaning of this statute is a factual question that will require evaluation of the particular contract. Again, I am unable to conduct such an evaluation. If an evaluation of this nature should result in a determination that the contract is one for "personal services," it would be my opinion that competitive bidding would not be required. However, if the evaluation should result in a determination that the contract is not one for "personal services" (and if the contract is estimated to equal or exceed $10,000.00), I would conclude that the county must obtain bids for that contract.
Question 3 — Is the county required by law to monitor or supervise thecontracted services?
State law contains no specific requirement that the county monitor or supervise services provided under a contract for human services. However, it is my opinion that the county carries an implicit responsibility to see that its contracts are complied with.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] The county may not use tax proceeds for this purpose that have been dedicated to another purpose. Ark. Const., Art. 16 § 11.