The Honorable Robbie Wills State Representative Post Office Box 306 Conway, AR 72033-0306
Dear Representative Wills:
I am writing in response to your request for my opinion on the following question, which you have submitted on behalf of the Conway City Attorney:
 Can the Faulkner County Museum transfer donated monies, either in the form of memorials or other unrestricted funds, from the Museum's checking account to the Museum's private foundation account?
In correspondence to you, the city attorney recited the following background information:
 The Faulkner County Museum was established pursuant to ACA 13-5-501. It receives funds from private donations as well as county appropriations.
 The Museum has a checking account that contains funds from private donations (individuals and corporate), museum membership monies and grant monies, (from various sources such as the Arkansas Humanities Council, Department of Arkansas Heritage, Kimberly-Clark, Wal-Mart, etc.) This account does not hold monies given by the county appropriations. This account was created to handle the monies raised during fundraising endeavors and membership acquisition which, until 2002, provided the only source of operating funds for the museum. That checking account was created under the Museum's 501(c)(3) status. The Museum did not receive appropriations funding before 2002. Operations expenses are paid from this account.
 The museum also has a separate savings account for its foundation. This account was created pursuant to the Museum's 501(c)(3) status. The foundation, and the corresponding account, was [sic] created to hold monies designated as endowment. Money deposited into that account is strictly from individual or corporate donations. It does not include grant funds, appropriations or any county, state, or federal money of any kind. Those monies are basically set aside for future, major projects, not "day-to-day" operations. . . .
 Legislative Audit has advised the Museum to directly deposit the honoraria and memorial checks into the savings account, and basically not to move money from the checking account (because the auditors say it is used for operations) to the foundation account.
Finally, I will note that my inquiries reveal that the Faulkner County Museum Foundation, Inc. registered as a private, nonprofit corporation on July 30, 2001.
RESPONSE
In my opinion, the Division of Legislative Audit was in all likelihood correct in advising that funds committed to the statutorily established Faulkner County Museum should not be transferred to the Faulkner County Museum Foundation, Inc., which is a private, nonprofit corporation to which a local political subdivision or its agencies may not donate funds. See Ark. Const. art. 12, § 5. Once "donated monies" are located in the museum's checking account, I believe they become county assets that may not be conveyed to a private, nonprofit corporation's foundation account.
The Conway City Attorney reports that the museum was established pursuant to A.C.A. § 13-5-501 (Repl. 2003), which authorizes any county, by ordinance of the quorum court, to establish a county museum under the direction of a county museum commission. Any such commission is authorized, inter alia, to accept gifts and grants from governmental and private sources, A.C.A. § 13-5-503, as well as to accept appropriated county funds of the sort referenced in your request. A.C.A. § 13-5-504. However, your request is complicated by the fact that the city attorney refers to this statutorily established public museum as having a "501(c)(3) status" — a characterization that is consistent only with an entity's organization as a private, nonprofit corporation. I am uncertain whether this reference marks an inadvertent conflation of the public museum and the private foundation that provides it support. In any event, I gather from both the city attorney's factual recitation and your question itself that there are two distinct entities at issue — first, a statutorily created public museum that receives funds from both public and private sources and, secondly, a private, nonprofit endowment foundation funded by individual and corporate donations.
At issue, apparently, is the transfer of donated money from the museum's checking account, which is reportedly devoted to financing day-to-day museum operations, to the foundation's savings account, which the city attorney reports is "set aside for future, major projects."[1] Not being a finder of fact, I cannot opine on the intended uses of the various donations. Accordingly, for purposes of my analysis, I must assume that the donations were initially deposited into the correct accounts. The question arises, then, whether a county is empowered to transfer the public funds contained in its museum's checking account into a private, nonprofit corporation's savings account.
As reflected in the attached Ark. Op. Att'y Gen. No. 2005-205, I believe this question must be answered in the negative. As I noted in my previous opinion:
 Article 12, § 5 of the Arkansas Constitution provides in pertinent part: "No county, city, town or other municipal corporation shall . . . appropriate money for, or loan its credit to, any corporation, association, institution or individual." Because of its broad proscription against grants or loans "to any corporation, association, institution, or individual," Article 12, § 5 would appear to bar any and all donations to any entity or person, including a private, nonprofit corporation, regardless of how exalted its purpose.
Although I reviewed pertinent case law establishing that this apparently blanket proscription has certain apparent exceptions, contributions to private nonprofit corporations are not among those exceptions. Specifically, I observed:
 [I]n Halbert v. Helena-West Helena Industrial Development Corp., 226 Ark. 620, 625, 291 S.W.2d 802
(1956), the court adopted what seems a much stricter interpretation of art. 12, § 5, offering the following analysis of the statutorily authorized purchase by a local government of a "membership" in a local industrial development corporation:
 Under Section 20 of the Act 404, a city, town or county is allowed to "purchase membership" in a local industrial development corporation. It would be doing indirectly what the Constitution forbids to be done directly, if a county or municipality were allowed to purchase a membership in the corporation, because such purchase of "membership" would certainly be granting financial aid to the said local corporation. When the Arkansas Legislature allowed the creation of local development corporations as private non-profit corporations, it could not at the same time allow counties or municipalities to grant financial aid to such corporations.
 (Emphasis added.) This passage strongly suggests that a municipality cannot contribute to a private, nonprofit corporation regardless of whether the corporation serves a "public purpose." See Ark. Op. Att'y Gen. No. 90-279 (reading the passage just quoted as supporting this conclusion). In accordance with this conclusion, the court struck the constitutionally offensive portion of the Arkansas Industrial Development Act, although it allowed the remainder of the Act to stand. 226 Ark. at 625-26.
Accord, City of Jacksonville v. Venhaus, 302 Ark. 204, 211,788 S.W.2d 478 (1990) (reversing a trial court's distribution to private, nonprofit corporations of the residuals remaining from an illegal exaction after the chancellor had distributed proceeds from the common fund to identified taxpayers and directing that these funds "be returned pro rata to the governmental entities to be used for general municipal services").
In Ark. Op. Att'y Gen. No. 1999-408, my predecessor summarized what he considered the then present state of the law as follows:
 [A]ny use of county moneys for charitable purposes may well pass constitutional muster if the use serves a public purpose or achieves a governmental function, so long as the recipient can be characterized as "public" . . . . As the law currently stands, there appears to be some element of fiat in the Supreme Court's pronouncements regarding what pledges of municipal or county funds will be permitted. As established in McCutchen [v. Huckabee, 328 Ark. 202, 943 S.W.2d 225 (1997)], it is clearly permissible, for instance, to contribute to a facilities board, which, despite not being a straightforward municipal agency, has a statutory pedigree and has been identified as a category of entity beyond the contemplation of article 12, § 5. In the wake of Venhaus, however, it is clearly impermissible to contribute to a private nonprofit corporation like the AIDC. Perhaps the most that can be said is that if an entity is authorized by statute and is not organized as a private nonprofit corporation, and especially if the donations themselves are authorized by statute, a donation of county or municipal funds may be constitutional. These principles reflect a clear move by the Court to reassert that public moneys may only be put to public use.
Id. at 9 (emphasis added). In Opinion No. 2005-205, I echoed this conclusion as follows:
 Halbert and Venhaus appear to establish definitively that local political subdivisions may not donate funds to private, nonprofit corporations.
If certain political subdivisions are, in fact, making such contributions, I believe they are doing so in derogation of Ark. Const. art 12, § 5 and the contributions might be challenged as illegal exactions prohibited by Ark. Const. art. 16, § 13.
I believe this principle precludes conveyances of the sort described in your request. If I am correct in interpreting your request as relating to two distinct entities — a public museum whose day-to-day operations are funded through a checking account and a private corporation whose endowment funds are located in a savings account — it would appear that the donors should specify which entity is the intended recipient. Having offered this opinion, I will add as a qualification that unless a donation to the foundation were earmarked by the donor for a particular purpose, nothing would preclude the foundation from reconveying the donation to the museum to be used for any agreed-upon authorized purpose. Indeed, A.C.A. § 13-5-503(2) expressly authorizes a museum commission "[t]o accept gifts . . . from . . . private groups . . . to be used for the purposes of this subchapter." In my opinion, the constitutional problem discussed above would arise only if the exchange flowed from the museum as a public entity to the foundation as a private entity.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB/JHD:cyh
[1] Although you have not asked about the disposition of the county appropriations referenced in your request, I will note that the city attorney's factual summary does not indicate where these are deposited.