Hilda HAMPTON, Appellant,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.**

No. 13–88–066–CV.

Court of Appeals of Texas,
Corpus Christi.

June 29, 1989.

Rehearing Denied Oct. 12, 1989.

R.W. Armstrong, Armstrong & Ray, Brownsville, for appellant.

Roy S. Dale, Dale & Klein, Pharr, Richard L. Bilbie, Dale & Klein, Brownsville, for appellee.

Before NEY, C.J., and SEERDEN and DORSEY, JJ.

## OPINION

SEERDEN, Justice.

This is an appeal from a judgment denying underinsured motorist benefits under an automobile liability insurance policy. Trial to a jury resulted in a verdict in favor of appellant; however, upon motion by appellee, the trial court disregarded the verdict and entered judgment in favor of the insurance company. We reverse the trial court's judgment.

In order to properly discuss the legal issues presented in this appeal, it is necessary to review the facts presented by the pleadings and evidence.

On February 23, 1986, a truck driven by Gloria Mahloch struck 8-year-old April Hampton on a residential street. Appellant, Hilda Hampton, April's mother, witnessed the incident. She testified she saw the truck coming, saw it strike April, saw April carried past her on the truck grill, and saw April flung forward when the truck stopped.

Hilda and Greg Hampton, April's father, individually and as next friends of April Hampton, filed suit against Gloria and Brad Mahloch for damages resulting from this incident. The Mahlochs had liability insurance covering damages of up to $15,000.00 for each person and $30,000.00 for each occurrence. Mahlochs' insurance carrier tendered their policy limits to settle the Hamptons' claims. On April 9, 1986, the Hamptons' attorney advised State Farm of the pendency of the suit against the Mahlochs and of the opportunity to settle it for the policy limits. The Hamptons had underinsurance coverage with State Farm with limits of $50,000.00 for each person and $100,000.00 for each incident. The Hamptons advised State Farm of the liability coverage of the Mahlochs, that investigation indicated the Mahlochs had no additional assets and that April, Hilda, and Greg Hampton had been damaged in amounts exceeding the Mahlochs' insurance coverage. It was requested that State Farm advise if it would waive any subrogation as to the funds the Hamptons would receive from the Mahlochs; if State Farm would pay the $100,000.00 limit of underinsurance, or, if State Farm would be agreeable to joining in the lawsuit against the Mahlochs.

On June 13, 1986, State Farm's attorney responded that if the Hamptons recovered $30,000.00 from the Mahlochs, then the balance remaining under the underinsured motorist coverage could only be $70,000.00. The letter consented to the effectuation of the settlement with the Mahlochs and stated that "The underinsured motorist coverage does not come into play until such time as you have completed a settlement with the Mahlochs."

After the suit with the Mahlochs had been settled in accordance with the above agreement, the Hamptons' attorney made demand on State Farm again for the payment of the balance of the underinsured motorist coverage and instituted this suit on behalf of Hilda and Greg, individually and as next friends of April. The suit alleged that all three of the Hamptons had been injured and damaged by the incident. The claim concerning April's injuries was settled and severed from the suit seeking damages for the injuries suffered by Hilda and Greg.

State Farm, being represented by different lawyers from those previously handling the Hamptons' claim, filed a motion for summary judgment asserting that the judgment settling the Mahloch suit was res judicata of any claims being asserted against it and that since Greg Hampton had not witnessed the incident causing the injuries to April, he had no cause of action. The trial court denied the motion on the claim of res judicata but granted the claim that Greg Hampton had no cause of action for injuries. A partial summary judgment was entered that Greg Hampton take nothing.

The case went to trial under appellant's first amended petition, wherein Hilda and Greg Hampton seek damages from appellee for the injuries to Hilda Hampton in excess of insurance coverage afforded by the Mahlochs and within the limits of appellee's underinsured motorist coverage, alleged to be a total of $35,000.00, attorney's fees, treble damages and costs of court. In addition, appellant filed a supplemental petition alleging appellee breached the implied covenant of good faith and fair dealing in the handling of their claim and violated the Texas Deceptive Trade Practices Act and the Texas Insurance Code. Additional damages of a 12% penalty and attorneys' fees as well as punitive damages were sought through this supplemental petition.

Appellee generally denied the allegations, contended that it had met its obligations with regard to the underinsurance coverage, that both April and Hilda Hamp-

ton were negligent and in the alternative the incident was unavoidable.

In answer to special issues, the jury found both Gloria Ann Mahloch and April Hampton negligent on the occasion, found that their negligence was a proximate cause of the occurrence, and apportioned the negligence 60% against Gloria and 40% against April. No negligence was found to have been committed by appellant. The jury found damages in the form of mental anguish suffered by appellant in the amount of $25,000.00. In addition, appellee was found to have breached its duty of good faith and fair dealing with the policy holder Hilda Hampton, and that $25,000.00 exemplary damages would compensate her for this breach.

Appellee filed a motion to disregard all the jury findings and a separate motion for judgment non obstante veredicto. The trial court entered judgment for appellee reciting that there was no evidence of probative force to sustain the findings of the jury and that an instructed verdict would have been proper.

By point one, appellant complains that the court erred in granting appellee's motion to disregard findings on special issues and motion for judgment non obstante veredicto and in granting appellee's motion for summary judgment on Greg Hampton's cause of action.

■ An examination of the transcript before us reveals we do not have jurisdiction to consider the complaint regarding the summary judgment. No appeal bond was filed by Greg Hampton. Tex.R.App.P. 41(a)(1) requires an appellate bond unless excused by law, and Tex.R.App.P. 40(a)(1) states that the appeal is perfected when the bond is filed. Since no bond has been filed, no appeal of the denial of Greg Hampton's cause of action has been perfected. While appellee has not raised this jurisdictional question, it is incumbent on the court to inquire into its jurisdictional authority on its own volition. *Welder v. Fritz,* 750 S.W.2d 930, 932 (Tex.App.—Corpus Christi 1988) (orig. proceeding). Consequently, we hold that we are without jurisdiction to consider the propriety of the

trial court's order granting appellee's summary judgment in connection with Greg Hampton's claim for mental anguish.

We now address the other portions of appellant's first point of error. In order for an appellate court to sustain a trial court in granting a motion for judgment n.o.v., it must determine that no evidence supports the jury finding. *Navarette v. Temple Independent School District,* 706 S.W.2d 308, 309 (Tex.1986); *Trenholm v. Ratcliff,* 646 S.W.2d 927, 931 (Tex.1983).

A trial court may not disregard a jury's answer because it is against the great weight and preponderance of the evidence. *Alm v. Aluminum Co. of America,* 717 S.W.2d 588, 594 (Tex.1986). All testimony must be viewed in a light most favorable to the party against whom judgment n.o.v. was sought and every reasonable intendment deducible from the evidence is indulged in that party's favor. *Dowling v. NADW Marketing, Inc.,* 631 S.W.2d 726, 728 (Tex.1982).

■ Appellee argues that April ran in front of Gloria, who was driving at a normal speed. However, Gloria testified that April was on the sidewalk when she first noticed her and that there were usually children in that area. There was testimony that Gloria was going 30 or 35 miles per hour. Gloria testified that she did not brake every time she saw a child but was watching, and that she swerved but still hit the child. A police report said she was distracted by her own child. The policeman testified that Gloria's truck had bald tires, which contributed to the accident, and that Gloria first applied her brakes *after* the impact, and *after* the impact the truck was traveling at 28 miles per hour, based on skid marks. The speed limit was 30 miles per hour. Thus, there is evidence to support the jury's finding that Gloria was more negligent than April, and a judgment disregarding the negligence finding against Gloria would have been improper. We conclude that the motion for judgment n.o.v. was erroneously granted and sustain appellant's point one.

Appellee contends on appeal, as it argued at trial, that *res judicata* precludes Hilda's recovery, as she had already been satisfied by the Mahloch judgment. It also contends it denied coverage in the good faith belief that the Mahloch judgment satisfied any claim. However, the jury found that appellee breached its duty of good faith and fair dealing with Hilda. Appellee does not contest the evidence to support that finding, relying on its legal argument.

An indemnity company is held to that degree of care and diligence which a man of ordinary care and prudence would exercise in management of his own business. *Arnold v. National County Mutual Insurance Co.*, 725 S.W.2d 165, 167 (Tex. 1987); *Transamerica Title Insurance Co. v. San Benito Bank and Trust Co.*, 756 S.W.2d 772, 775 (Tex.App.—Corpus Christi 1988, writ pending).

Greg testified that before any settlement with the Mahlochs, he called appellee to claim on his policy, and was told to hire a lawyer. Thus appellee refused to acknowledge its proper obligation to its policy holders, Greg and Hilda. Appellee's position is, in effect, that the report was premature, and as no claim had arisen, it had no duty toward the policy holder. A similar argument was rejected by this Court in *Transamerica Title Insurance Co. v. San Benito Bank and Trust Co.*, 756 S.W.2d at 775. The company looked after its own interest as distinct from its policy holder's, treating its insured as an opponent. Then the company argued that it had no duty because the claim was premature.

 Appellant asserts that she and her husband were led to believe that they would not forfeit their claim to recover the overage due from appellee by accepting policy limits from the Mahlochs, and the correspondence supports this claim. The letter of June 13, 1986 demonstrates how State Farm led the Hamptons to believe that settlement was a step toward recovery under the underinsurance provisions, and that they would not compromise their position by doing so. Although that letter indicates a willingness to negotiate after settlement, the settlement was later attempted to be used to deny the claim. The concept of estoppel is that one who by his conduct induced another to act ought not to be permitted to adopt an inconsistent position, and thereby cause loss to another party. *First Bank & Trust Co., Booker, Texas v. Dumas Independent School District*, 527 S.W.2d 499, 502 (Tex.Civ.App.—Waco 1975, writ ref'd n.r.e.). Estoppel can operate to prevent a party from exercising or insisting on a contractual term or limitation. *Wheeler v. White*, 398 S.W.2d 93, 96 (Tex.1965); *Lone Star Steel Co. v. Scott*, 759 S.W.2d 144, 154 (Tex.App.—Texarkana 1988, writ denied). We hold that appellee was estopped from using a settlement obtained in this manner to preclude claim liability.

Appellee urges that this case is like *United States Fidelity and Guaranty Co. v. Cascio*, 723 S.W.2d 209, 210–11 (Tex. App.—Dallas 1986, no writ). We distinguish it because of the absence of any issue of the insurer's good faith and fair dealing.

 Appellee argues that if the jury verdict of $25,000.00 for Hilda's mental anguish were allowed to stand, it is entitled to a $15,000.00 credit, for Mahloch judgment, leaving $10,000.00 for Hilda. However, the Mahloch judgment awards the $15,000.00 to *both* Greg and Hilda. The right of offset is an affirmative defense. The party asserting it has the burden to plead and prove it. *Brown v. American Transfer and Storage Co.*, 601 S.W.2d 931, 936 (Tex.), *cert. denied*, 449 U.S. 1015, 101 S.Ct. 575, 66 L.Ed.2d 474 (1980); Tex.R. Civ.P. 94. The petition against the Mahlochs does not itemize damages sought. This payment may be for loss of April's services during her recovery. Thus, appellee has not shown entitlement to the offset against the award for Hilda's bystander injury.

 Appellee asserts that Hilda is not entitled to compensatory damages. One argument is that April's negligence bars Hilda's recovery. We have upheld the jury's negligence finding under point one. Appellee also argues that appellant cannot recover exemplary damages because she is suing under contract. While part of the

cause of action is for breach of the insurance contract, the breach of the duty of good faith and fair dealing is a tort. Consequently, appellant may recover damages for the breach of this tort. *Chitsey v. National Lloyds Insurance Co.,* 738 S.W.2d 641, 643 (Tex.1987); *Arnold,* 725 S.W.2d at 167–68.

Appellant's points two through five complain of the trial court's refusal to admit various exhibits. Because our ruling on point one disposes of the case, we decline to discuss the remaining points, and overrule them. Tex.R.App.P. 90(a).

We REVERSE the trial court's judgment and RENDER that appellant recover $50,-000.00 from appellee. Tex.R.App.P. 80(b)(3).

## OPINION ON MOTIONS

SEERDEN, Justice.

By our opinion on June 29, 1989, we reversed a judgment non obstante veredicto, reinstating a jury verdict which assessed $25,000 for appellant's mental anguish as a bystander and $25,000 of the insurer's breach of the duty of good faith and fair dealing. Thus we awarded $50,-000.

Appellant filed a Motion for Clarification of Judgment pointing out that our judgment did not include prejudgment interest or penalties as pleaded in the trial court, and requesting a hearing and the inclusion of interest and penalties in our judgment.

Appellant's prayer on appeal requests awards for her bystander injury and for her "bad faith" claim. Appellant's brief attacks the judgment n.o.v. and defends the jury's verdict. However, appellant did not complain about interest or pray for prejudgment interest and penalties before our opinion was handed down. Our judgment granted appellant the relief the jury assessed, as requested.

Relief that has not been prayed for on appeal cannot be granted. *Texas Federal Savings & Loan v. Sealock,* 737 S.W.2d 870, 877 (Tex.App.—Dallas 1987), *rev'd and remanded on other grounds,* 755 S.W.2d 69 (Tex.1988); *see Texas Pruden-*

*tial Insurance Co. v. Dillard,* 158 Tex. 15, 307 S.W.2d 242, 252 (1957); *West End Api, Ltd. v. Rothpletz,* 732 S.W.2d 371, 374 (Tex.App.—Dallas 1987, writ ref'd n.r.e.). The nature of the relief sought on appeal should be clearly stated. Tex.R.App.P. 74(g). Since appellant did not pray for prejudgment interest and penalties, we cannot award them. Thus, we deny appellant's motion.

Appellee has also filed a motion for rehearing and a motion for leave to file second supplemental brief. Appellant has responded, opposing both motions. Whether to rehear a case is discretionary with the panel assigned the case. Tex.R.App.P. 100(c). It is improper to raise new grounds on rehearing, and we decline to reconsider the rulings we have already made. Appellee's motions are denied.