Melana PASCHALL, individually, and on Behalf of Christine Michelle Paschall, a Minor, Appellant,

v.

J. Scranton PEEVEY, Appellee.

No. 3–90–214–CV.

Court of Appeals of Texas, Austin.

July 24, 1991.

Rehearing Overruled Aug. 30, 1991.

---

**1.** The husband did not appear at this or any other hearing. The trial court overruled his   motion.

Scott Ozmun, Alice Oppenheim, Kidd, Whitehurst, Harkness & Watson, Austin, for appellant.

Douglas W. Alexander, Brown Maroney & Oaks Hartline, Austin, for appellee.

Before CARROLL, C.J., and JONES and SMITH, JJ.

SMITH, Justice.

This is an appeal of a personal injury case. The jury returned a verdict in which they awarded $69,500 damages for past and future physical impairment and no damages for loss of future earning capacity. The trial court allowed the defendant a dollar-for-dollar credit against the verdict based on Paschall's settlement with two other defendants. It then rendered a take nothing judgment against Paschall which she now appeals.

Christine Paschall, a minor, by and through her mother Melana Paschall,[1] sued J. Scranton Peevey, for negligence proximately causing Christine Paschall's injury. Paschall lost the vision in her left eye when Kerry Thompson, also a minor, shot her with a pellet gun. Peevey had given Kerry Thompson the pellet gun on the evening the injury occurred. Paschall sued Kerry Thompson, his mother Charlotte Thompson and appellee Peevey for damages associated with her injury.

Before trial, Paschall settled with the Thompsons for $152,579. The settlement agreement recited that the Thompsons were paying the monies solely in consideration of and as compensation for Christine Paschall's "past and future physical pain and mental anguish." The district court approved the settlement agreement as part of the final judgment and severed the claim against the Thompsons from the suit against Peevey.

1. The Paschalls, in their fourth amended original petition, dropped Melana Paschall's individual claim against Peevey and maintained the action only for Melana Paschall as next friend of Christine Michelle Paschall. We style this case to include Melana Paschall *individually* because this is the manner in which appellants perfected the appeal.

After settling with the Thompsons, Paschall amended her petition to disclaim any interest in damages for past and future mental anguish. At trial she sought compensation for past and future physical impairment and future loss of earning capacity. The jury found Peevey negligent and awarded $69,500 for past and future physical impairment and no damages for loss of future earning capacity. After applying the settlement credit of $152,579, the court rendered a take-nothing judgment against Paschall.

In this appeal Paschall complains that the trial court erred by: (1) giving Peevey a dollar-for-dollar credit for the settlement with the Thompsons; (2) specifically instructing the jury to consider only damages for physical impairment and loss of earning capacity; and (3) rendering judgment on the jury's verdict awarding no damages for loss of future earning capacity because the no damages finding was against the great weight and preponderance of the evidence. We will affirm the judgment.

### Dollar-for-Dollar Credit

■ Chapter 33 of the Civil Practice and Remedies Code, titled Comparative Negligence and Contribution[2], was enacted to apportion the damages for which joint tortfeasors are liable, according to percentage of fault. *Cypress Creek Util. Serv. Co. v. Muller*, 640 S.W.2d 860, 864 (Tex.1982). Kerry Thompson and Peevey were joint tortfeasors because the extent to which each was liable for Paschall's injury was not easily apportioned between them. *Landers v. East Texas Salt Water Disposal Co.*, 151 Tex. 251, 248 S.W.2d 731, 734 (1952). When a joint tortfeasor has settled with the claimant and has been dismissed from the suit so that the existence and amount of the settling joint tortfeasor's negligence is not before the jury, the non-settling joint tortfeasor is entitled to a dollar-for-dollar credit against the judgment in the amount of the settlement. 1985 Tex. Gen.Laws ch. 959 § 1, at 3271 [Tex.Civ.

Prac. & Rem.Code Ann. § 33.014, since amended].

The non-settling tortfeasor may only claim a credit based on the damages for which all tortfeasors are jointly liable. *Hill v. Budget Fin. & Thrift Co.*, 383 S.W.2d 79, 81 (Tex.Civ.App.1964, no writ). When a plaintiff sues several defendants and alleges different types of damages, a credit against a verdict given to a non-settling defendant must be for those damages common to the settling and non-settling defendants. *Id.*

Common damages arise when a set of circumstances causes but one injury, although more than one person may contribute to such injury. *See Riley v. Indus. Fin. Serv. Co.*, 157 Tex. 306, 302 S.W.2d 652, 655 (1957). Often, when determining compensatory damages in a personal injury case, the court will charge the jury by separating out specific elements of common damages. *See* 1 State Bar of Texas, Texas Pattern Jury Charge, 7.02 (2d ed. 1987). These elements can include: physical pain, mental anguish, loss of earning capacity, disfigurement and medical care. *Id.*

Paschall asserts that Peevey is not entitled to a credit because the settlement and the verdict do not represent common damages; the settlement compensated her for pain and suffering, whereas the jury's award compensated her for past and future physical impairment. We disagree. Thompson's and Peevey's negligence caused a single injury to Paschall: physical damage to her eye. As a result of the eye injury Paschall sought compensation for several different elements of compensatory damages, all of which were common damages.

Paschall relies on four cases to assert that Peevey is not entitled to a credit when the verdict and settlement do not represent common damages. Three of these cases can be distinguished from her case because

2. Because the Paschalls filed this suit on August 31, 1987, we must apply Chapter 33 of the Civil Practice and Remedies Code, governing comparative negligence and contribution, as it existed before being amended effective September 2, 1987. 1987 Tex.Gen.Laws, 1st C.S., ch. 2, § 4.05, at 51.

they involve compensatory damages along with exemplary, statutory or damages for usury. *See Providence Hosp. v. Truly,* 611 S.W.2d 127, 137 (Tex.Civ.App.1981, writ dism'd. w.o.j.) (in a D.T.P.A. case, when settlement was for compensatory damages only, and the trebled damages portion of a judgment was in the nature of exemplary damages, the trial court properly credited the settlement proceeds against only that part of the judgment which represented compensatory damages); *Hill v. Budget Fin. & Thrift Co.,* 383 S.W.2d 79, 82 (Tex.Civ.App.1964, no writ) (when a settlement was apportioned to include compensatory, exemplary, and damages for usury, only settlement monies apportioned as compensatory damages could be credited against a judgment for compensatory damages); *Howard v. Gen. Cable Corp.,* 674 F.2d 351, 358 (5th Cir.1982) (if a portion of a settlement is designated as exemplary damages it could not be credited against a judgment for compensatory damages). These courts properly refused to credit the amount of a settlement designated for noncompensatory damages against a verdict awarding compensatory damages.

The fourth case may be distinguished because it does not involve the apportionment of liability among joint tortfeasors. *Hampton v. State Farm Mutual Auto Ins. Co.,* 778 S.W.2d 476 (Tex.App.1989, no writ). The mother of an injured child settled her claims against the underinsured motorist who hit the child. The claims were brought on behalf of the child and on the mother's behalf as a bystander; the nature of the damages were not specified in the petition against the tortfeasor. After settling with the tortfeasor, the mother pursued her claims against her own insurance carrier, State Farm, relying on the underinsured motorist provision of her policy. State Farm sought to offset the amount of the settlement against the jury verdict in favor of the mother's claim for mental anguish as a bystander. The court denied the offset, noting that State Farm had failed to meet its burden of proof in claiming offset as an affirmative defense. *Id.* at 479. Neither the petition against the motorist nor the settlement agreement

itemized the damages compromised by the settlement. The court mentioned that the settlement award for unspecified damages could have been for damages other than the mother's claim of mental anguish as a bystander, such as loss of the child's services during her recovery. *Id. Hampton* does not control the issue of offset between joint tortfeasors for common damages.

■ This jury did not find malice or gross negligence to support an award of exemplary damages. The jury awarded only compensatory damages; the settlement agreement addressed only compensatory damages. The trial court properly reduced the verdict against Peevey, a joint tortfeasor, by the amount of compensatory damages Paschall received in the settlement agreement. Nothing, including the settlement with the Thompsons, prohibited Paschall from seeking compensation for mental anguish and medical payments from Peevey; she simply chose not to pursue those elements at trial. We overrule the first point of error.

### Admonishment on Damages

The trial court submitted its charge to the jury using the exact wording of Texas Pattern Jury Charge, 7.02 (1987), adding the underlined admonishment:

> What sum of money, if paid now in cash, would fairly and reasonably compensate Christine Michelle Paschall for her injuries, if any, that resulted from the occurrence in question? Consider the elements of damages listed below and none other. <u>Do not consider in your answer the elements of physical pain or mental anguish.</u> Consider each element separately. Do not include damages for one element in any other element.

(Emphasis added.) In her second point of error Paschall complains that the trial court erred in submitting this charge because the additional admonishment was unnecessary, had a "chilling effect" on the jury, and resulted in an inadequate award of damages.

■ Trial courts need only submit those instructions necessary to enable the jury to

render a verdict. *Samsel v. Diaz,* 659 S.W.2d 143, 144 (Tex.App.1983, no writ). A court should refuse to submit unnecessary instructions even if they are correct statements. *Id.*

■ Texas Pattern Jury Charge, 7.02, includes a list of the separately enumerated elements of actual damages that a party may seek in a personal injury case. *See El Paso City Lines, Inc. v. Benjamin,* 451 S.W.2d 257, 259 (Tex.Civ.App.1970, writ ref'd. n.r.e.). If a plaintiff does not seek a specific element of compensatory damages, that element is omitted from the charge. It is not necessary for the trial court both to omit an element of compensatory damage and instruct the jury not to consider the omitted element. Therefore, the court improperly included the additional admonition in the charge.

In reviewing potential harm the court committed by submitting the improper charge to the jury, we must determine if the additional admonishment caused or could reasonably have been calculated to cause the rendition of an improper verdict. Tex.R.App.P.Ann. 81(b)(1) (Pamph.1991); *Gulf Coast State Bank v. Emenhiser,* 562 S.W.2d 449, 453–54 (Tex.1978). Paschall complains that the additional admonishment implied that the trial court believed the jury would consider elements of damage not listed in the charge. As a result the instruction had a "chilling effect," causing the jury to return a similar award of damages than it would have without the instruction.

■ Paschall does not demonstrate that the instruction, although "chilling," caused or could have caused an improper verdict. An instruction may cause the rendition of an improper verdict when the instruction singles out the law in a way that would sway the jury in favor of one party and, therefore, constitutes a comment on the weight of the evidence or on the case as a whole. *See Acord v. Gen. Motors Corp.,* 669 S.W.2d 111, 116 (Tex.1984) and *Levermann v. Cartall,* 393 S.W.2d 931, 937 (Tex. Civ.App.1965, writ ref'd n.r.e.) (both holding that harmful error occurs when the court comments on the case as a whole in the instruction); *McDonald Transit Inc. v. Moore,* 565 S.W.2d 43, 45 (Tex.1978) (harmful error when the court comments on the weight of the evidence in the instruction).

The trial court in *Levermann* included an instruction that a medical doctor was not an "insurer or guarantor of his work." The court of appeals held that this instruction was a comment on the case as a whole, relating to the care exercised by the defendant and was, therefore, reasonably calculated to cause prejudicial harm to the plaintiff. 393 S.W.2d at 937. In *Acord* the trial court added a similar instruction to the charge, stating that a manufacturer was not the guarantor of a perfect or accident-proof product. Following the reasoning in *Levermann,* the Supreme Court held that the instruction was a comment on the case as a whole, especially the duty of care; as such, the instruction was harmful error. *Acord,* 669 S.W.2d at 116. In *McDonald,* the Supreme Court explained that if, through an instruction, the judge indicated an opinion as to the verity or accuracy of the facts, the instruction was harmful as a comment on the weight of the evidence. 565 S.W.2d at 45.

■ We do not believe that when the trial court improperly admonished the jury not to consider physical pain or mental anguish the court indicated its opinion on the case as a whole or on the weight of the evidence. Consequently the court's action did not cause the rendition of an improper verdict. We hold that the additional admonishment, though improper, was harmless, and we overrule point of error two.

### Loss of Future Earning Capacity

■ At trial, an expert in vocational rehabilitation testified that Christine Paschall would suffer a diminished earning capacity of $5,000 per year over 40 years due to her injury. Despite this testimony, the jury returned a verdict of zero damages for loss of future earning capacity. In her third point of error Paschall complains that the jury's refusal to award any damages for this element was against the great weight and preponderance of the evidence.

In analyzing a great weight and preponderance point, we must consider and weigh all of the evidence. *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986). We may set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Id. See also* Garwood, *The Question of Insufficient Evidence on Appeal,* 30 Texas L.Rev. 803, 805 (1952).

The vocational rehabilitation expert testified that a primary problem for people with monocular vision is the physical stress and fatigue caused by prolonged reading. Christine Paschall testified that, after the injury, she experienced fatigue from reading. In the expert's opinion, Paschall was never a candidate for a four-year college education due to her already average academic performance. As a result of her injury she might also have difficulty completing a two-year technical program because of the intensity of reading required. Without technical training, she would experience a $5,000 annual disparity in her earning capacity before the injury and after, as calculated by the expert. Despite this theory, the expert testified that he has known some individuals with monocular vision who have had no problem reading.

The expert stated that Paschall shows an aptitude and interest in art. Paschall testified that she was performing very well in both studio and industrial art classes and was taking additional art classes outside of school. An opthamologist testified that there was no medical reason that Paschall could not engage in the activities of an artist. Paschall testified that she did not experience problems with depth perception and that she did not anticipate her vocational choices to be restricted as a result of the injury. Based on the evidence discussed, the jury could have believed that Paschall's eye injury did not impair her capacity to earn a living.

Paschall directs our attention to cases in which the courts have held that the jury must award something for every element of damages resulting from an injury. *Del Carmen Alarcon v. Circe,* 704 S.W.2d 520, 521 (Tex.App.1986, no writ); *Franco v. Graham,* 470 S.W.2d 429, 440 (Tex.Civ. App.1971), aff'd, 488 S.W.2d 390 (Tex.1972). In each of these cases the jury failed to award damages for pain and suffering when the record contained objective proof of a physical injury. *Del Carmen Alarcon,* 704 S.W.2d at 521 (plaintiff suffered reverse curvature of the spine, a lumbar sprain, and concussion); *Franco,* 470 S.W.2d at 440 (plaintiff suffered head lacerations, concussion, headaches and partial paralysis). Paschall asks this Court to apply this rule to *require* the jury to award damages based on the undisputed proof of an injury and the expert's opinion testimony as to her future diminished capacity to earn a living. We cannot apply this rule in such a manner.

While the law infers physical pain and mental suffering from severe injuries, *T & P Ry. Co. v. Curry,* 64 Tex. 85, 87–8 (1885), we cannot infer loss of earning capacity from an injury. Even when the injury is of such a serious and permanent nature that loss of earning capacity would seem inevitable, proof is required to show the extent and amount of damages. *McIver v. Gloria,* 140 Tex. 566, 169 S.W.2d 710, 712 (1943). The jury must be able to consider the effect of a partial disability, and in some cases may reasonably conclude that the plaintiff will not suffer a loss in earning capacity.

Considering all of the evidence in this case, we hold that the jury's failure to award damages for loss of future earning capacity to Paschall is not so against the great weight and preponderance of the evidence as to be manifestly unjust. *See In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (Tex.1952). We overrule the third point of error.

We affirm the judgment of the trial court.