The Honorable James G. Dietz State Representative 7520 Highway 107 North Little Rock, AR 72116
Dear Representative Dietz:
This is in response to your request for an opinion on the following questions:
 1. May the City of North Little Rock appropriate monies from its general fund or its electric department fund and issue a municipal warrant signed by Mayor Hays payable to the NLR Chamber of Commerce (a private not-for-profit corporation)?
 2. May the City of North Little Rock appropriate monies from its general fund or its electric department fund and issue a municipal warrant signed by Mayor Hays payable to other not-for-profit corporations, e.g., the Cancer Society, the March of Dimes, Park Hill Baptist Church, the Boy Scouts, the Junior Service League, the Checkmate Club?
 3. May the City of North Little Rock appropriate monies from its general fund or its electric department fund and issue a municipal warrant signed by Mayor Hays payable to the NLR Chamber of Commerce for dues for municipal department heads including the Police Chief and Fire Chief and some elected officials?
Because your third question focuses on the payment of dues, I assume that your first two questions are asked with respect to grants or donations to the private non-profit corporations. It is my opinion that the answer to both of these questions is "no." This office has previously opined that the appropriation of county funds to a local Chamber of Commerce is contrary to Article 12, section 5 of the Arkansas Constitution, which provides that:
 [n]o county, city town or other municipal corporation shall become a stockholder in any company, association or corporation; or obtain or appropriate money for, or loan its credit to, any corporation, association, institution or individual.
See Op. Att'y Gen. 88-114 at 8-9.
As noted in Attorney General Opinion 90-279 (copy enclosed), the case of Halbert v. Helena-West Helena Industrial Development Corporation, 226 Ark. 620, 291 S.W.2d 802 (1956) formed the basis for this office's conclusion that an appropriation of county funds for a private, non-profit corporation or association such as a Chamber of Commerce is prohibited under art. 12, 5. This conclusion would also apply to an appropriation of city funds.[1]
As also noted in Opinion 90-279, the Halbert case has not been modified or overruled. Indeed, it was cited with approval in the recent case of City of Jacksonville v. Venhaus, 302 Ark. 204,778 S.W.2d 478 (1990). This office has therefore previously concluded that cities and counties may not obtain or appropriate monies for non-profit corporations. See Ops. Att'y Gen. 91-015, 91-191, and 92-019.
With regard to your third question, involving the city's appropriation of monies to pay dues to the Chamber of Commerce for municipal department heads and some elected officials, it is my opinion that such an appropriation is constitutionally suspect. The Halbert case, supra, offers some guidance wherein the Arkansas Supreme Court held unconstitutional that portion of Act 404 of 1955 which authorized a city, town or county to "purchase membership" in a local industrial development corporation. The court stated:
 It would be doing indirectly what the Constitution forbids to be done directly, if a county or municipality were allowed to purchase a membership in the corporation, because such purchase of `membership' would certainly be granting financial aid to the said local corporation.
226 Ark. at 625.
This ruling would, in my opinion, similarly apply to a city's appropriation of monies to purchase a membership in a Chamber of Commerce. The question arises whether a different result is compelled where dues are paid by the city on behalf of individual city officials.
The Arkansas Supreme Court has not addressed this precise question. Nor is there an established line of cases from other jurisdictions offering guidance in this regard. There appears, however, to be a consensus of authority among the several state Attorneys General who have visited the issue with respect to the payment of dues to various civic or social organizations. The Louisiana, Texas, New Mexico, Mississippi, Oregon, and Iowa Attorneys General have opined that such payments are contrary to constitutional provisions similar to Ark. Const. art. 12, 5. See La. Op. Att'y Gen. 89-602 (1989) (municipality may not pay for the dues incurred by a municipal officer in local organizations, such as the Chamber of Commerce, unless the expenditure of dues is in the discharge of a duty pertaining to his office); see also La. Op. Att'y Gen. 79-502 (1979); Tx. Op. Att'y Gen. H-397 (1974) (county may not become a dues-paying member of a Chamber of Commerce);[2] see also Tx. Ops. Att'y Gen. JM-1199 (1990) and JM-65 (1983); N. Mex. Op. Att'y Gen. 88-47 (1988) (town cannot pay mayor's annual dues to the Las Cruces Forum, Inc., a non-profit corporation formed to develop goals and programs that foster economic development); Miss. Op. Att'y Gen. 86-142 (1986) (payment of civil club dues for municipal official constituted a donation contrary to state constitution); Oregon Op. Att'y Gen. OP-5885 at 35 (1986); Iowa Op Att'y Gen. 90-1-3(L) (1990) (employee's dues to service clubs only allowed if directly related to employee's duties; test not likely to be met except in unusual circumstances).
The reasoning in the Louisiana and Texas opinions reflects, in my opinion, the approach or approaches most likely to be taken by an Arkansas court.
The Louisiana Attorney General has stated:
 This office has long since held that a municipality may not purchase memberships in a Chamber of Commerce. Opn. Atty. Gen. 1946-48, p. 462. The municipality may not pay for the dues incurred by a municipal officer in local organizations, such as the Chamber of Commerce, unless the expenditure of dues are in the discharge of a duty pertaining to his office. Opn. Atty. Gen. 79-502.
La. Op. Att'y Gen. 89-602 (1989).[3]
The Louisiana opinions reflect the view that the prohibition against purchasing memberships in a Chamber of Commerce cannot be avoided if the dues do not constitute legitimate reimbursement for expenditures of the municipal officers on whose behalf they are paid. See La. Op. Att'y Gen. 79-502 at 1. The reasoning is as follows:
La. Const. art VII, 14.
 The general rule concerning the reimbursement for expenditures of municipal officers and employees, as stated in Corpus Juris Secundum 535, is that a municipality may, when not prohibited by its charter, reimburse one of its officers for moneys actually and necessarily expended by him in the discharge of a duty pertaining to his office. . . . Thus, it would appear that, if expenditures made by a municipal officer or employee were not made in discharge of a duty pertaining to his office, and, that individual was reimbursed by the municipality, then the payment should be considered made by the municipality to the association or organization. The result, in most instances, would be a violation of Article VII, Section 14.
Id.
The Attorney General concluded, without further discussion, based upon the above analysis, that a city cannot pay for the mayor's or police chief's dues in organizations "such as Chamber of Commerce, Rotary, Lions, etc." Id.
The Texas Attorney General's approach to the issue is reflected in the following:
 . . . paying dues to a private corporation such as a chamber of commerce in order to secure `general benefits resulting from encouragement of private industry and business' is not `sufficiently insulated from the abuses' that article III, section 52, was designed to prevent.[4]
Tex. Op. Att'y Gen. JM-716 (1987), citing Tx. Op. Att'y Gen. H-397 (1974); see also Tx. Op. Att'y Gen. JM-516 (1986).
The Texas opinions focus on the absence of a contract supported by adequate consideration and an assurance that a public purpose will be accomplished. See Op. JM-716 at 2 and JM-516 at 1-2. Paying dues to an organization that may provide general benefits to the county was distinguished from contracting for specific services. Id. The former practice was held unconstitutional, with the dues considered, in essence, as a gift to the private corporation. Id.
It is my opinion that the Arkansas Supreme Court would in all likelihood approach the issue from one of the above perspectives. Halbert, supra. Unless it can be successfully contended that the payment to the Chamber for dues can be considered a proper expense of the municipal official or part of a proper contract supported by adequate consideration, such payment will, in my opinion, be considered the equivalent of the city's purchase of membership in the Chamber. The court has previously expressed its view that a political subdivision's purchase of membership in a local industrial development corporation is contrary to Ark. Const. art. 12, 5. The fact that the recipient fulfills some public purpose is not, in my opinion, a sufficient basis for a donation of city funds to a private non-profit corporation. See Ark. Ops. Att'y Gen. 91-019 and 91-015; see also City of Jacksonville, supra. If the dues in essence constitute the city's purchase of a membership, and thus a grant of financial aid according to Halbert, an unlawful payment will occur. While it is conceivable that fact questions could arise, depending upon the particular office involved and the specific functions of the Chamber, I must conclude as a general matter that the city's payment for Chamber of Commerce dues on behalf of a city official is constitutionally suspect.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] The prohibition will, in my opinion, apply to an appropriation from both the city's general fund and its electric department fund. Article 12, section 5 states that no city shall "obtain or appropriate money for" any corporation, association, institution or individual. (Emphasis added.)
[2] This Attorney General opinion was cited with approval by the Texas Court of Civil Appeals in Kordus v. City of Garland, 561 S.W.2d 2600 (1978), involving a taxpayer suit against, inter alia, a city's payment of annual membership dues to a Chamber of Commerce. 561 S.W.2d at 261 n. 1.
[3] The relevant Louisiana constitutional provision states:
 Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private. Neither the state nor a political subdivision shall subscribe to or purchase stock of a corporation or association or for any private enterprise.
[4] Article III, Section 52 of the Texas Constitution states in relevant part:
 Except as otherwise provided by this section, the Legislature shall have no power to authorize any county, city, town or other political corporation or subdivision of the state to lend its credit or to grant public money or thing of value in aid of, or to any individual, association or corporation whatsoever, or to become a stockholder in such corporation, association or company.