**John R. WYNN, et al., Appellants,**

v.

**Leslie COHAN, M.D., Appellee.**

**No. A14–92–01282–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 28, 1993.

Rehearing Denied Nov. 24, 1993.

---

Kevin Dubose, Houston, for appellants.

Kevin J. Keith, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ELLIS and LEE, JJ.

## OPINION

LEE, Justice.

This is an appeal from a summary judgment granted in a wrongful death case in which appellants alleged medical malpractice against several health care providers. The lawsuit was instituted following the death of Terrie Wynn after she developed complications during child birth. Appellants alleged negligence on the part of the deceased's physicians, the hospital and several of its nurses. Appellants settled with all but one defendant, collecting $1,275,000.00. The only remaining defendant, Dr. Leslie Cohan, elected to take a dollar-for-dollar credit for the settlements pursuant to § 33.012(b)(1) of the TEX.CIV. PRAC. & REM.CODE (Vernon Supp.1993), and then moved for summary judgment on the basis that the dollar credit taken exceeded the applicable statutory liability cap as contained in TEX.REV.CIV.STAT.ANN. art. 4590i § 11.02 (Vernon Supp.1993).[1] The trial court granted Dr. Cohan's motion for summary judgment. In a single point of error, appellants contend the trial court erred in granting summary judgment to Dr. Cohan because a fact issue exists that will determine the amount of the statutory liability cap from which Dr. Cohan is entitled to take a dollar credit to reduce her potential liability. We agree.

In an effort to reduce the severity of health care liability claims and make insurance to health care providers reasonably affordable, the legislature enacted the Medical Liability and Insurance Improvement Act. TEX.REV.CIV.STAT.ANN. art. 4590i, § 1.02(b) (Vernon Supp.1993). As part of the statutory scheme, the legislature included a mechanism to limit civil liability of health care providers. Article 4590i, § 11.02 defines the limit of civil liability for damages of a physician or other health care provider as an amount not to exceed $500,000.00. TEX.REV. CIV.STAT.ANN. art. 4590i, § 11.02(a) (Vernon Supp.1993). The act also provides a means for adjusting the liability cap based on fluctuations in the consumer price index.[2] The parties are in relative agreement that article 4590i, §§ 11.02 and 11.04, currently limits a health care provider's civil liability to $1,200,-000.00. The parties also agree that this liability cap is to be applied on a "per defendant" basis, as explained by the supreme court in *Rose v. Doctors Hospital,* 801 S.W.2d 841, 846 (Tex.1990).

In *Rose,* the court reaffirmed the "multiplication" theory established by *Baptist Hospital of Southeast Texas, Inc. v. Baber,* 714 S.W.2d 310 (Tex.1986). In calculating the damages due under § 11.02, the court held that the statutory liability cap is to be multiplied by the number of defendants found to be liable to the plaintiff. The court explained that "the language of § 11.02(a) clearly applies to the recovery against the individual defendant, not the award to the individual plaintiff." *Rose,* 801 S.W.2d at 847. Therefore, plaintiffs who recover against more than one defendant may obtain a judgment in excess of the cap, so long as the combined statutory liability of all defendants is not exceeded. *Id.*

In applying the multiplication theory to the facts, the *Rose* court multiplied the cap by two since that was the number of defendants found to be culpable. There has been no determination of liability in the present case.

---

1. In her motion for summary judgment, Dr. Cohan argued that the current adjusted amount of the liability cap is $1,125,000.00, and she was entitled to a credit of up to $1,275,000.00 as a result of the related settlement agreements. Dr. Cohan therefore claimed that appellants were statutorily barred from recovering any damages from her in addition to the $1,275,000.00 in damages they have already collected.

2. Article 4590i, § 11.04 states that, "When there is an increase or decrease in the consumer price index with respect to the amount of that index on the effective date of this subchapter each of the liability limits prescribed in Section 11.02(a) or in Section 11.03 of this subchapter, as applicable, shall be increased or decreased, as applicable, by a sum equal to the amount of such limit multiplied by the percentage increase or decrease in the consumer price index between the effective date of this subchapter and the time at which damages subject to such limits are awarded by final judgment or settlement." TEX.REV.CIV. STAT.ANN. art. 4590i, § 11.04 (Vernon Supp.1993).

Moreover, the *Rose* court failed to address the applicability of this damages calculation to the comparative negligence situation. *Id.* at n. 2. In other words, *Rose* does not address the situation in which any defendant is less than completely liable. *Id.*

Therefore, we must determine how the multiplication theory of *Rose* applies when placed in a comparative negligence context. More specifically, we must determine who constitutes a defendant for the purpose of finding a multiplier under *Rose* when there has been no determination of liability.

Appellant claims that in order to determine the cap under *Rose*, the percentage of responsibility of all defendants, including those defendants who have previously settled has to be determined by the trier of fact. Appellant further claims that the method of adjudicating such percentage of liability is addressed in § 33.003 of the TEX.CIV.PRAC. & REM.CODE. Section 33.003 provides that:

The trier of fact, as to each cause of action asserted, shall determine the percentage of responsibility with respect to:

(1) each claimant;

(2) each defendant; and

(3) each settling person.

TEX.CIV.PRAC. & REM.CODE ANN. § 33.003 (Vernon Supp.1993).

■ We agree with appellants' contention that this section calls for a mandatory determination of the settling defendants' percentage of responsibility by the jury. The apparent purpose of this section is to assess whether the plaintiff has gone over the percentage of negligence that would bar him from recovery. *Sisters of Charity v. Dunsmoor*, 832 S.W.2d 112, 117 n. 3 (Tex.App.— Austin 1992, writ denied); Joseph Sanders and Craig Joyce, *"Off to the Races": The 1980's Tort Crisis and the Law Reform Process*, 27 Hous.L.Rev. 207, 269 n. 253 (1990).

Appellee contends that appellant is precluded from submitting the percentage of liability issues because appellant released and dismissed the settling defendants, and are now unable to obtain a joint and several liability judgment against them. As noted previously, § 33.003 makes it mandatory to submit to the factfinder, the issue of percent-age of responsibility among the parties. Included in that group are settling defendants.

A "settling defendant" is defined as one:

who at the time of submission has paid or promised to pay money or anything of monetary value to a claimant at any time in consideration of potential liability pursuant to the provisions of section 33.001 with respect to the personal injury, property damage, death, or other harm for which recovery of damages is sought.

*Id.* § 33.011(5). In other words, to be considered a "settling defendant," the statute requires only that at the time of submission, the defendant pay or promise to pay money or its equivalent to the claimant in consideration of potential liability. The statutory definition does not require that the settling defendant remain a party to the suit. Specifically, the definition does not exclude those settling defendants who were dismissed or non-suited.

■ Appellee further argues that to allow appellant to submit an issue to the jury with respect to any settling defendant at this point would in effect nullify her statutory election of a dollar-for-dollar credit. Appellee contends that the only purpose to be served by the submission is to effect a multiplication increase of the potential amount of her own civil liability cap. We do not agree. Appellee's election does not determine the liability cap. Under the comparative negligence statute, where only one non-settling defendant remains, that non-settling defendant has a choice of whether or not to submit the issue of comparative negligence. However, this submission would not raise the liability cap. Although the non-settling defendant is entitled to a dollar-for-dollar credit when another defendant has settled with the claimant and has been dismissed from the suit so that the existence and amount of the settling defendant's negligence is not before the jury, the non-settling defendant may only claim a credit based on the damages for which all defendants are jointly liable. *Paschall v. Peevey*, 813 S.W.2d 710, 712 (Tex.App.—Austin 1991, writ denied). Such a determination of joint liability among all defendants is mandated by § 33.003.

We therefore hold that a defendant who settles prior to trial and is dismissed or nonsuited, can be included as a defendant for the purposes of determining the combined statutory liability of all defendants in a comparative negligence situation as established under article 4590i, § 11.02.

Therefore it was error for the trial court to grant Dr. Cohan's motion for summary judgment, because there is the question of percentage of liability of all parties, as outlined in § 33.003 *supra*, to be determined by the factfinder, before the nonsettling defendant is entitled to take a dollar-for-dollar credit. Appellants' sole point of error is sustained.

The judgment of the trial court is reversed.