In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00031-CR

                                                ______________________________

 

 

                                 MORRIS DALE MITCHELL,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                            On Appeal from the County Court at Law

                                                             Bowie County, Texas

                                                     Trial Court No. 10M1825-CCL

 

                                                              
                                    

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            Morris Dale
Mitchell filed a notice of appeal January 25, 2011, “to pursue an interlocutory
appeal to 6th court of appeals Texarkana, Texas from an interlocutory order
denying Appellant’s motion to dismiss the charges against him for lack of
jurisdiction etc.”  After a thorough
review of the clerk’s record, we found no order in the record; we have
contacted the district clerk, and she has confirmed that there is no such order
in this case.

            A timely
notice of appeal from a conviction or an appealable order is necessary to
invoke this Court’s jurisdiction.  Olivo v. State, 918 S.W.2d 519, 522
(Tex. Crim. App. 1996).  This Court has
jurisdiction over criminal appeals only when expressly granted by law.  Everett
v. State, 91 S.W.3d 386 (Tex. App.—Waco 2002, no pet.).

            There being
no appealable order in the record, we dismiss this appeal for want of
jurisdiction.

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          February
3, 2011

Date Decided:             February
4, 2011

 

Do Not Publish           






ermined the school district's credibility regarding the use of taxpayer money. Goose Creek
proposed a bond issue in 1994 which Jerry Roy, the superintendent, testified had failed because of
the lack of credibility. A bond was approved in 1999, apparently for construction of other new
schools. Roy testified that he agreed conceptually that the school district or board could have
obtained the money to have the necessary repairs done at any time during the past eight years, but
that he was not sure. 

 The jury awarded $105,000 for loss of use under Question 3b. This amount was less than
both the total estimates, including interest, of over two million dollars, and the total principal
estimates of $678,570 introduced by Goose Creek. This amount was also less than the figures
provided by Goose Creek for the rental rates of the three schools for the affected time, a total of
$4,779,800. There are no indications as to how the jury determined the amount of the award. The
jury may have considered the length of time reasonably required for Goose Creek to make the repairs
necessary to end the loss of use, but without being instructed to do so. This is unlikely. Given that
the repairs had not been made as of the time of trial, if the jury believed Goose Creek would have
been able to have the repairs done at any time, the difference between the reasonable time for repairs,
485 crew hours, and the length of time that use was actually lost, eight years, was significant, and
the failure to include in the jury instructions any limitation based on the reasonable time required for
the plaintiff to be able to have the repairs done would have caused the rendition of an improper
judgment. Thus, the error would have been harmful. However, because the settlement credit was
in great excess of the judgment against Jarrar's Plumbing and the correction of the error would have
resulted in the same or a decreased award for loss of use, the error was not harmful. In other words,
the error did not harm Jarrar's Plumbing because the judgment would be a take-nothing judgment
whether the instruction had been correct or not. Therefore, this point of error is overruled.



Settlement Credit

 Goose Creek contends the trial court erred by placing the burden of allocating settlement
payments to common and separate damages on Goose Creek instead of on Jarrar's Plumbing, by
failing to consider the extrinsic evidence offered by Goose Creek in an attempt to meet that burden,
by failing to find Goose Creek had met the burden to establish that none of the settlement funds were
attributable to damages common to the settling and nonsettling defendants, and by crediting the
settlement funds received in compensation for separate damages against the jury's verdict and
rendering judgment that Goose Creek take nothing. 

 Historically, credits against the verdict given to nonsettling defendants have been limited to
those damages common to the settling and nonsettling defendants, and the defendant bore the burden
of establishing the proper amount of credit. See Owens-Corning Fiberglas Corp. v. Schmidt, 935
S.W.2d 520 (Tex. App.-Beaumont 1996, writ denied); Paschall v. Peevey, 813 S.W.2d 710 (Tex.
App.-Austin 1991, writ denied); Hampton v. State Farm Mut. Auto. Ins. Co., 778 S.W.2d 476, 479
(Tex. App.-Corpus Christi 1989, no writ) (offset is affirmative defense requiring the defendant's
burden to plead and prove); Providence Hosp. v. Truly, 611 S.W.2d 127, 136-37 (Tex. Civ.
App.-Waco 1980, writ dism'd); Hill v. Budget Fin. & Thrift Co., 383 S.W.2d 79, 82-83 (Tex. Civ.
App.-Dallas 1964, no writ). 

 However, in Mobil Oil Corp. v. Ellender, the Texas Supreme Court, following the rationale
of the United States Court of Appeals for the Fifth Circuit in McFarland v. Leyh, 52 F.3d 1330 (5th
Cir. 1995), shifted the burden of proving the allocation of settlement funds to the plaintiff once the
defendant had met the burden of proving the total amount of settlement, because the plaintiff is in
the best position to provide such proof. Mobil Oil Corp. v. Ellender, 968 S.W.2d 917, 928 (Tex.
1998). It became the plaintiff's burden to provide a settlement agreement allocating damages. Id. 
Recognizing this was a change in law, the court provided that plaintiffs could use extrinsic evidence
in order to meet the burden of proof if the settlement had been reached before May 8, 1998, because
the plaintiffs would not have had notice of the need to include such allocations within the four
corners of the settlement agreement. Id. Because the rationale of the credit is to prohibit a plaintiff
from receiving double recovery, if the plaintiff could not meet the burden of proof regarding
allocation, then the defendant, having proven the total amount of the settlement, would be entitled
to credit for the entire settlement amount. Id. Although the facts in Ellender were limited to
allocations between actual and punitive damages, the facts in Leyh dealt with allocations between
common and separate damages. See Leyh, 52 F.3d 1330; Ellender, 968 S.W.2d at 928. 

 Goose Creek settled with other defendants between September 2 and December 29, 1999,
for a total of $1,901,000. Jarrar's Plumbing filed an election for a settlement credit and requested
a dollar-for-dollar credit pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 33.012(b)(1) (Vernon
1997), for all monies paid in settlement to Goose Creek. At trial, the jury found that Goose Creek
had incurred $405,000 related to plumbing damages, seventy percent attributable to Jarrar's
Plumbing.

 Following the verdict, Jarrar's Plumbing filed a Motion for Entry of Judgment requesting the
court apply a credit of $1,901,000 toward the damages found by the jury and enter a take-nothing
judgment in Jarrar's Plumbing's favor. Goose Creek filed its opposition to Jarrar's Plumbing's
Motion for Settlement Credit and its own Motion for Allocation and Entry of Judgment. Goose
Creek requested leave to introduce extrinsic evidence of allocation. The trial court granted leave and
stated the court was allowing the evidence as an offer of proof. The court allowed full examination
of witnesses and allowed both parties to tender evidence. Then the trial court examined the
settlement agreements and found that they expressly included claims relating to the schools'
plumbing systems and that there was no allocation within the agreements stating the amount
allocated for the plumbing problems. The trial court rendered a take-nothing judgment in Jarrar's
Plumbing's favor. 

 Goose Creek argues that because Ellender was decided on facts dealing only with allocations
between actual and punitive damages, the holding was limited to those facts and did not apply to the
allocation of common and separate damages. However, because Leyh dealt with common and
separate damages, it was clear that the court in Ellender, relying on Leyh, intended to adopt that
court's reasoning, which applies equally to all situations in which allocation is necessary in order to
determine the proper amount to credit the nonsettling defendant. There is no indication the court in
Ellender intended to limit the application of the reasoning to actual and punitive allocation. Goose
Creek points to no cases after Ellender in which the courts did not impose the burden of allocation
on the plaintiff after the defendant had met the burden of establishing the total amount of settlement. 
Goose Creek cites two cases that cite Ellender as imposing the burden on the plaintiff regarding
common and separate damages. See Crown Life Ins. Co. v. Casteel, 22 S.W.3d 378 (Tex. 2000);
Burlington N. R.R. Co. v. Gen. Projection Sys., No. 05-97-00425-CV, 2000 Tex. App. LEXIS 5253
(Dallas Aug. 8, 2000, no pet. h.). 

 Additionally, Goose Creek argues that the rationale for shifting the burden does not exist in
the present case because Jarrar's Plumbing was a party to the negotiations. Although Jarrar's
Plumbing may have had more knowledge of the particular allocations and may have been better
situated than another defendant to provide proof of the allocations, because Jarrar's Plumbing was
not a party to the final settlement, Goose Creek was still in a better position to include explicit
statements of allocation in the final settlement agreements. 

 This point of error is overruled. 

 Following its reasoning set forth above, Goose Creek continues to argue that because
Ellender dealt only with the allocation of actual and punitive damages, the plaintiffs did not have
notice they had the burden of providing the allocation between common and separate damages on
the face of the settlement agreement, and Goose Creek, therefore, should have been allowed to prove
the allocation through extrinsic evidence. 

 The two cases to which Goose Creek cited and which were decided after Ellender were
decided after Goose Creek had entered into settlement agreements. In Casteel, the court recognized
the shift in the burden of proof established in Ellender. It did not indicate it was changing the law
by applying the reasoning of Ellender to issues of allocation where it had not previously been
applied. See Casteel, 22 S.W.3d 378. Further, stating that the settlement was entered into before
the Ellender decision was handed down, the court recognized the need to remand the case to allow
the plaintiff to meet the burden of allocation through use of extrinsic evidence. In Burlington
Northern Railroad Company, the court also applied the shift of burden established in Ellender
regarding joint and separate damages. Because the agreement had been entered into before the
Casteel or Ellender decisions had been handed down, the court expressly stated the plaintiff should
be allowed to use extrinsic evidence to prove the allocation. Because they did not have the notice
provided by Ellender when they entered into their agreements, such plaintiffs were allowed to
introduce extrinsic evidence to meet the burden of proving allocation, as Ellender had provided. See
Burlington N. R.R. Co., 2000 Tex. App. LEXIS 5253; Casteel, 22 S.W.3d 378.

 As Goose Creek's settlement agreements were entered into after Ellender, the court was
correct in not considering Goose Creek's extrinsic evidence of allocation. This point of error is
overruled. 

 Goose Creek contends that it met the burden of proof establishing that none of the settlement
amounts were allocated for common damages and that the court erred in failing to find such burden
had been met. We review the court's determination for abuse of discretion. 

 Goose Creek contends none of the monies received in the settlements was intended to
compensate Goose Creek for any problems with the plumbing. All of the evidence to which Goose
Creek refers us, to demonstrate the evidence showed Goose Creek received only assignments, and
not money, for plumbing-related defects, is extrinsic evidence. Because under Ellender, Goose
Creek was not entitled to introduce extrinsic evidence, we cannot review this evidence in
determining whether the trial court abused its discretion. 

 Goose Creek's live pleadings at the time of settlement included allegations against the settling
defendants for plumbing damages and negligence similar to those retained in Goose Creek's
amended pleadings eliminating the settling defendants from the suit and bringing suit directly against
Jarrar's Plumbing. Goose Creek entered into several release agreements, all of which provided for
a release of all claims asserted or which could have been asserted against the defendants. The release
regarding Lewis and named third-party defendants does not contain the amounts of settlement or the
assignments of claims against Jarrar's Plumbing, but incorporates the settlement agreement as
Exhibit A, which was not included in the record. The assignment from Lewis to Goose Creek of all
of its claims against Jarrar's Plumbing, included as an exhibit, states it is given for consideration of
the release as provided pursuant to the settlement agreement. Goose Creek also released Bay, PBK,
PBR, and other architects and engineers. That release contained a paragraph providing that Bay,
PBK, and PBR assign and convey their claims against Jarrar's Plumbing to Goose Creek. No other
releases mentioned any assignments. 

 In denying Goose Creek's motion regarding allocation, the judge stated the plumbing claims
were explicitly mentioned in the releases. The court did not consider the assignment of claims to
be conclusive evidence of allocation. 

 The court did not abuse its discretion in determining that damages for plumbing were
included in the settlements, as the releases covered all claims. Neither did the court abuse its
discretion in determining the settlements did not provide for an allocation of monies to those claims,
as there was no statement the assignments alone were provided in exchange for the release of such
claims. This point of error is overruled.

 Because we find the trial court did not err in failing to find Goose Creek met the burden to
establish that none of the settlement funds was attributable to common damages for which Jarrah's
Plumbing would be jointly responsible, we must find that the court did not err by crediting the
settlement funds received in compensation for separate damages against the jury's verdict and
rendering a take-nothing judgment. Ellender provided that although the defendant is only entitled
to credit for such common damages, the defendant should not be disadvantaged by being unable to
prove such allocation. Ellender, 968 S.W.2d 917. The same reasoning that shifts the burden of
proof to the plaintiff allows that if the plaintiff fails to meet that burden, the defendant will receive
a credit for the entire amount of the settlement that has not been proven to be allocated to separate
damages. Id. This point of error is overruled. 


 The judgment of the trial court is affirmed.




 Ben Z. Grant

 Justice


Date Submitted: February 27, 2002

Date Decided: March 28, 2002


Publish